**Ernestine SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6614.**

District of Columbia Court of Appeals.

Argued Nov. 14, 1972.

Decided April 23, 1973.
Rehearing and Rehearing en Banc
Denied June 22, 1973.
Order Amended July 5, 1973.

David A. Brody, Washington, D. C., for appellant.

Joseph E. di Genova, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Gerald R. Robbins, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY and YEAGLEY, Associate Judges, and QUINN, Associate Judge, retired.

YEAGLEY, Associate Judge:

Appellant was charged in an information filed March 25, 1972, with petit larceny, a misdemeanor, D.C.Code 1967, § 22–2202. On May 12, 1972, prior to trial, the United States Attorney filed an information with the clerk of the court entitled Notice of Additional Penalties pursuant to D.C.Code 1972 Supp., § 22–104 [1] and D.C.Code 1972 Supp., § 23–111, which we will examine *infra*. The information stated that appellant had been convicted twice previously of petit larceny in this jurisdiction and therefore is subject to additional penalties upon conviction as a third offender. Although appellant was served with a copy of this statutory notice, she did not file a response as seemingly required by D.C.Code 1972 Supp., § 23–111(c)(1). A trial by jury on May 15, 1972, resulted in a verdict of guilty.

When the appellant appeared for sentencing on July 5, 1972, the court inquired of her with respect to one prior conviction, which she acknowledged. That conviction, November 20, 1970, Crim.No. 48719–70, was not one of the two convictions relied upon in the Notice of Additional Penalties. The court then read off a list of other convictions as well as arrests on charges which did not lead to conviction, but which were either dismissed or nolle prossed. Trial counsel objected, but was overruled.

After defense counsel made his statement to the court regarding the defendant, in which he requested probation for his client, the court asked the appellant if she had anything to say. She asked merely that the court "sentence me as a humanitarian and not as a Judge." The convic-

tions set forth in the Notice of Additional Penalties were not mentioned by the court and consequently it failed to make the statutory inquiry of the defendant regarding them. D.C.Code 1972 Supp., § 23–111(b). Notwithstanding, the court invoked the provisions of D.C.Code 1972 Supp., §§ 22–104 and 23–111(a)(1) and sentenced appellant to 18 months in jail.

Two issues are raised by this appeal: (1) whether the appellant, charged with a misdemeanor, petit larceny, was entitled to be prosecuted by indictment rather than by information by virtue of the prosecution having filed a Notice of Additional Penalties permitting appellant to be sentenced to more than a year in prison if convicted; and (2) whether the sentencing procedures followed by the trial court for imposing additional penalties under D.C.Code 1972 Supp., § 23–111(b), were so deficient as to require a remand for resentencing or whether the deficiency, if any, was waived by appellant's failure to file a response to the information. We affirm, but remand for resentencing.

The appellant contends for the first time on this appeal that since she came within the foregoing provision for enhanced punishment and was therefore subject to a potential sentence of three years' imprisonment, that she should have been proceeded against by indictment rather than information, citing the Fifth Amendment to the Constitution. The pertinent part of that amendment provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .

---

1. This section provides that if any person is convicted of a criminal offense under the law applicable exclusively to the District of Columbia and had been previously convicted of a criminal offense under any law of the United States or a state thereof for a crime that is the same as, constitutes, or necessarily includes the offense for which he is convicted in the District of Columbia then the sentencing judge may impose a fine and imprisonment up to one and one-half times the fine and imprisonment prescribed for the crime. If such person had been previously convicted more than once for the similar crime as stated above the available multiple increases to three times the prescribed fine and imprisonment. D.C.Code 1972 Supp., § 22–104a is a similar provision regarding felonies.

■ The appellee argues first that this contention is not properly before this court on appeal as it was not raised in the trial court by motion or otherwise and is therefore waived. While it is true that prosecution by indictment may be waived,[2] there must be some positive action to do so by the defendant. Rule 7(a), (b) of the Superior Court Rules provides a defendant may waive indictment in noncapital cases if done in open court after the defendant is advised of the nature of the charge against him and of his rights. This was not done in the present case and the constitutional right to prosecution by indictment, if it exists under these circumstances, was not waived.

■ A jurisdictional defense is not one that is waived if not timely raised as provided in the first part of Super.Ct.Cr.R. 12(b)(2). Rather, the issue of jurisdiction may be raised at any time as noted in the last sentence of that paragraph of the rule.[3]

Consequently, we turn to the question of whether or not the appellant was entitled to be prosecuted by indictment. Crimes which are infamous or carry an infamous punishment must be prosecuted by indictment unless waived by the accused. "The question is, whether the crime is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one. When the accused is in danger of being subjected to an infamous punishment if convicted, he has the right to insist that he shall not be put to trial, except on the accusation of a grand jury." Ex parte Wilson, 114 U.S. 417, 426, 5 S.Ct. 935, 29 L.Ed. 89 (1885). Throughout its opinion in *Wilson, supra,* the Supreme Court talked about the punishment associated with the crime charged, when a determination of infamy was to be made. More recently in Harvin v. United States, 144 U.S.App.D.C. 199, 202, 445 F.2d 675, 678, cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971), the Circuit Court stated that "[t]he punishment, however, which determines the question of infamy is that which is related to the offense itself . . . ."

This is not the first occasion we have been called upon to determine the legal effect of a court sentencing a defendant convicted of a misdemeanor to a term in excess of one year, as a result of the invocation of a recidivist statute. In Lawrence v. United States, D.C.App., 224 A.2d 306 (1966), the appellant who was subject to, and in fact, received such a sentence, attacked the jurisdiction of the then Court of General Sessions to try him since its jurisdiction had been limited by Congress[4] to "offenses . . . for which the punishment is by fine only or by imprisonment for one year or less". We held that the court's jurisdiction was to be determined by the punishment associated with the crime itself (petit larceny) and that the application of the recidivist statute resulting in a sentence of 18 months did not oust the court of jurisdiction. The court continued to try such cases regularly thereafter until court reorganization when, as the new Superior Court, it became a court of general jurisdiction.

■ The offense which led to the appellant here being arrested, charged, tried and convicted was not an infamous crime, for it carried a punishment of imprisonment not to exceed one year. As we held in *Lawrence, supra,* a sentence under the recidivist statute is not a part of the offense itself and it is the possible punishment for

---

2. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959).

3. Had we found that appellant was entitled to prosecution by indictment in this case, the failure to so prosecute would have constituted plain error and of necessity caused us to reverse the conviction below in that the trial court would not have had jurisdiction to hear the case, except upon indictment. Ex parte Wilson, 114 U.S. 417, 429, 5 S.Ct. 935, 29 L.Ed. 89 (1885).

4. D.C.Code 1967, § 11–963(a)(1).

the latter, a maximum of one year in this instance, which determines whether the prosecution must be by indictment.

The recidivist statute comes into play after the trial and after the accused has been found guilty. The sentencing judge may or may not invoke it. When he does he does not hold another trial, but rather makes a separate factual determination as to whether or not the defendant has been convicted of previous offenses which trigger the extended incarceration provisions. No question of guilt or innocence is being inquired into. That has already been accomplished by the verdict of the jury and the verdicts in the prior convictions. The Notice of Additional Penalties filed by the United States Attorney in this case did not call upon the appellant to answer for an offense, it merely alleged the facts of previous convictions which, if established, went only to the question of punishment.[5]

■ This approach is consistent with the legislative history of the recidivist statute. The purpose of the repeat offender statute "was to provide new tools and sentencing alternatives to the trial judge to protect society and to secure certain additional safeguards, due process rights, and the rehabilitation of the convicted offender."[6] It was intended "to give to the sentencing judge the discretion to impose progressively larger sentences for the habitual misdemeanant, the individual who may have no, or a limited felony record, but has been convicted of the same criminal offenses on prior occasions."[7] Consistent with the Fifth Amendment requirement that prosecution for infamous crimes be based upon grand jury indictment, the District Committee of the Senate "chose to continue the requirement of prosecution by indictment for all offenses except those presently classified as misdemeanors; that is to say, the committee did not deem any misdemeanor offense to be subject to categorization as 'infamous' simply by reason of the possible 50 percent greater penalty."[8] Thus we see that Congress did not intend to increase the punishment for the crime itself, but rather to supplement the trial judge's alternatives with the possibility of additional correctional institutionalization of the repeat offender.

Another clear indication of the Congressional intent that such repeat offender statutes should be prosecuted by information when the crime itself is noninfamous is found in D.C.Code 1972 Supp., § 23-111(a)(2). This section provides:

An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years, unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

■ Noninfamous offenses are subject only to the repeat offender provisions of D.C.Code 1972 Supp., § 22-104. The maximum imprisonment possible for a noninfa-

5. *See* Beland v. United States, 128 F.2d 795 (5th Cir.), cert. denied, 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543 (1942).

6. Statement of Managers on the Part of the Senate Submitted Regarding the Conference Action Upon S. 2601, The President's Crime Legislation for the District of Columbia, 91st Cong., 2d Sess., at 21-22 (Comm.Print 1970).

7. H.R.Rep.No.91-907, 91st Cong., 2d Sess. at 65 (1970).

8. S.Rep.No.91-538, 91st Cong., 1st Sess. 10-11 (1969). *See generally* Hearing on S. 2601 Before the Senate Comm. on the District of Columbia, 91st Cong., 2d Sess., pt. 9, at 2076, 2080-83 (1970); Hearings on H.R. 14334 . . . Before Subcomm. No. 3 of the House Comm. on the District of Columbia, 91st Cong., 1st Sess., pt. 2, at 30-37, 57-59, 77-85 (1969); Hearings on H.R. 13689 . . . Before Subcomm. No. 1 of the House Comm. on the District of Columbia, 91st Cong., 1st Sess., pt. 1, at 18-19, 59, 86-90, 108-09, 230-32 (1969); Hearings on S. 2869 . . . Before the Senate Comm. on the District of Columbia, 91st Cong., 1st Sess., pt. 4 at 1394, 1401-02, 1413-15, 1420-23, 1435-40, 1489-93, 1518-19 (1969).

mous offense itself is one year and the provision of that section will allow enhancement only up to a maximum of three years. Congress drew the line for the use of the information process to sentences under the repeat offender statutes not exceeding this three year period and thus clearly indicated that the use of the information was restricted to noninfamous crimes, that is, offenses which bear noninfamous punishment.

■ We hold therefore that the additional sentence levied by the trial judge pursuant to the repeat offender statute did not constitute punishment for the "offense itself" and thus did not cause the noninfamous offense which may be prosecuted by information, to be transformed later into an infamous offense which must be prosecuted by indictment, unless waived.

Appellant further contends that assuming the prosecution was properly initiated by information, as we have decided, that the portion of her sentence in excess of one year flowing from the Notice of Additional Penalties resulting from prior convictions must be vacated as unlawfully imposed since the court failed to follow the statutory procedure for imposing the heavier penalty.

Appellant refers to D.C.Code 1972 Supp., § 23–111(b) which provides that when the prosecutor files the Notice of Additional Penalties, the court, after conviction and before sentencing is required to

. . . inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Such a procedure is important in establishing identity and in determining whether defendant has a challenge to raise. If there is a denial on the part of the accused, then the provisions for a hearing on the issues thereby raised are invoked as provided in D.C.Code 1972 Supp., § 23–111(c).

In the present case the Notice of Additional Penalties was filed and served on the appellant. However, subsequent to the filing we find two instances of noncompliance with the statutory mandate:

(1) Failure of appellant to file a written response to the Notice of Additional Penalties pursuant to D.C.Code 1972 Supp., § 23–111(c)(1); and,

(2) Failure of the sentencing judge to make the statutory inquiry and warning as mandated by D.C.Code 1972 Supp., § 23–111(b).

■ The government argues that the failure of the appellant to file the written response constitutes a waiver of her right to dispute the convictions alleged in the Notice of Additional Penalties pursuant to D.C.Code 1972 Supp., § 23–111(d)(1), and that the sentencing judge's procedure substantially complied with the statutory mandate. We disagree.

■ While, as we have indicated, the new Code requires the prosecutor to file an information before trial if he seeks increased punishment because of prior convictions, it is also clear that the accused "shall file a written response to the information" if he denies any allegation in the information or if he claims that any prior conviction is invalid.[9]

The penalty, however, for the failure of accused to file a *written* response is merely that the court shall proceed to impose sen-

---

9. D.C.Code 1972 Supp., § 23–111(c) (1). Counsel should be warned that the statutory procedure for filing a written response to the Notice of Additional Penalties is mandatory when possible challenges to the prior convictions are available. Failure to follow that procedure when challenges are known or should be known could be a violation of counsel's duty to his client.

tence as provided by law. D.C.Code 1972 Supp., § 23–111(d)(1).

■ The further provision that his failure to respond to the information shall constitute a waiver of any challenge he may have does not mean there is a waiver upon the failure to file a *written* response to the information. It is necessary only that the challenge be raised by "response to the information before an increased sentence is imposed". *See* D.C.Code 1972 Supp., § 23–111(c)(2).

■ Consequently, we construe the statutory direction in D.C.Code 1972 Supp., § 23–111(d)(1) that upon the person's failure to file a written response "the court shall proceed to impose sentence upon him as provided by law", means that the court shall then proceed to sentence him in accordance with the requirements for sentencing in D.C.Code 1972 Supp., § 23–111(b). That is:

(1) Inquire whether he affirms or denies the previous convictions alleged in the information; and

(2) Inform him that any challenge to a previous conviction not made before sentence is imposed may not thereafter be raised to attack the sentence.

The fact that the defendant (appellant) was represented by counsel does not relieve the court of its responsibility to give the appropriate advice. The statutory language is mandatory and cannot be avoided by the mere granting to defendant of an opportunity to say something to the court, as was done in the present case.

We do not read D.C.Code 1972 Supp., § 23–111(d)(1) as meaning that a failure by defendant to file a written response to the information results in a waiver to deny or to attack the previous convictions. It only provides that in that event "the court shall proceed to impose sentence . . . as

provided by law", meaning lacking an answer, there is no need of a hearing at that point regarding the convictions.

■ The waiver provision in D.C.Code 1972 Supp., § 23–111(c)(2) indicates a defendant can challenge the previous convictions any time before sentencing. It reads in pertinent part ". . . Any challenge to a previous conviction, not raised by response to the information *before an increased sentence is imposed . . . shall be waived . . . .*" (Emphasis supplied.)

Consequently, we read the aforementioned language in D.C.Code 1972 Supp., § 23–111(d)(1) as meaning the court shall, in that event, proceed to sentence him in accordance with the procedure in D.C.Code 1972 Supp., § 23–111(b) which requires that he ask the person whether he "affirms or denies" the previous conviction as alleged in the information.

In the instant case the court inquired of the defendant regarding a 1971 petit larceny conviction not listed in the information, which she affirmed. The judge then read the gist of the entire criminal record of appellant including arrests. Defense counsel entered a general objection and made a statement in his client's behalf asking for probation. The court then asked: "You have anything to say, Miss Smith?" She replied, "Yes, Your Honor. Your Honor, I wish you would sentence me as a humanitarian and not as a Judge." (Tr. at 115.)

After the prosecutor spoke briefly, the court promptly sentenced the appellant to 18 months. Being in excess of the maximum for the offense charged, we assume the increased punishment was imposed because of the previous convictions alleged in the information.

■ However, the court had neglected to inform the defendant in clear terms of the alleged prior convictions relied on and

also to inquire in each instance whether she affirmed or denied them. This failure is not excusable nor is the defendant's right to such advice and an opportunity to deny waived by the mere fact she failed to file a written answer to the information.

Since the court failed to inform appellant as to the allegations in the information, and in particular not having inquired whether she affirmed or denied them, the imposition of a sentence involving increased punishment cannot stand.

Accordingly, the judgment is affirmed, the sentence is set aside and the case remanded for resentencing not inconsistent with this opinion.

Affirmed and remanded for resentencing.

### AMENDED ORDER DENYING REHEARING

It is ORDERED, *sua sponte*, that this Court's order dated June 22, 1973, denying appellant's petition for rehearing is hereby amended to read as follows:

The Court has considered appellant's petition for rehearing. Appellant for the first time raises a question of the constitutionality of D.C.Code 1972 Supp., § 23–111(a)(2) which provides that an information may not be filed under this section if the increased penalty which may be imposed exceeds three years, unless the accused is prosecuted by indictment. However, that provision is not in direct issue here as the maximum punishment which could have been imposed was not in excess of three years. We therefore do not reach that issue. Further, the Supreme Court has on several occasions upheld recidivist statutes against contentions they violate constitutional restrictions. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Carlesi v. New York, 233 U. S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914); Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901). Upon consideration of the foregoing, it is

ORDERED that appellant's petition for rehearing is denied.