UNITED STATES of America

v.

Charles W. RAMSEY, Appellant.

No. 80–2248.

United States Court of Appeals, District of Columbia Circuit.

Argued June 4, 1981.

Decided June 16, 1981.

Allan M. Palmer, Washington, D. C., for appellant.

Pamela B. Stuart, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee. Michael W. Farrell and Harold Damelin, Asst. U. S. Attys., Washington, D. C., also entered an appearance for appellee.

Before TAMM, ROBB and EDWARDS, Circuit Judges.

Opinion for the court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This is an appeal from a denial by the District Court of appellant's motion, made pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to correct an allegedly illegal sentence. Rule 35 provides that,

while a court may correct an "illegal sentence" at any time, a court may correct a sentence "imposed in an illegal manner" only within time limits set forth in the Rule. Since we find that appellant's sentence was a legal sentence imposed in an illegal manner, and that appellant's motion to correct his sentence was not filed within the time limits set forth in Rule 35, we affirm.

## I.  BACKGROUND

Appellant was tried and convicted in this case on the basis of a lengthy stipulated record.[1] The convictions resulted from appellant's involvement in an international heroin importation scheme.

As a result of a prior conviction of the federal narcotics laws, appellant was subject to the imposition of an enhanced sentence for each of the convictions involved in this appeal.[2] In recognition of this fact, the preamble to the stipulated record submitted to the District Court provided that:

> It was noted further, as regards defendant Ramsey that in no event would the Government sever certain named counts, specifically including, *inter alia*, in Criminal Case No. 623–74, Count I and Count III of that indictment in regards both of which counts certain increased penalty is provided by law, the Court having been informed of defendant Ramsey's prior conviction in Criminal Case No. 218–68 of the felony violation of the narcotics laws of the United States, i. e., a violation of Section 4704(a), Title 26, United States Code.

Record (R.) 18.[3] The stipulated record submitted to the District Court was signed by both appellant Ramsey and his counsel.

---

1.  Involved in this appeal are convictions of one count of importation of heroin into the United States in violation of 21 U.S.C. § 952(a) (1976), three counts of use of a communication facility to facilitate the commission of a narcotics offense in violation of 21 U.S.C. § 843(b) (1976), and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) (1976). These convictions are not at issue in this case, having been the subject of an earlier appeal. *See United States v. Ramsey,*

538 F.2d 415 (D.C.Cir.1976), *reversed,* 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977).

2.  *See* 21 U.S.C. § 962 (1976); 21 U.S.C. § 843(c) (1976); 21 U.S.C. § 841(b) (1976 & Supp. III 1979). On May 10, 1968, appellant had entered a plea of guilty to a violation of 26 U.S.C. § 4704(a) (repealed 1970).

3.  The stipulated evidence also provided:

At sentencing, the following exchange took place between the District Court Judge and the appellant:

THE COURT: Mr. Ramsey, do you have anything you want to say?

MR. RAMSEY: No.

THE COURT: You were convicted December 14, 1967 of a violation of the Federal Narcotics Laws, were you not? You served two to six years consecutive to another sentence?

THE DEFENDANT: Yes.

Transcript of proceedings before District Judge John Lewis Smith, Jr., February 14, 1975, at 6. Although it is undisputed that appellant plainly affirmed his prior conviction, it is also conceded that the District Court Judge did not follow the precise procedure set forth in 21 U.S.C. § 851(b) (1976) for the imposition of an enhanced sentence under the federal narcotics laws.[4] Despite the failure to follow § 851(b), the District Court sentenced appellant to an enhanced sentence on each of the narcotics offenses set forth in the stipulation.[5]

On August 19, 1980, nearly 30 months after the completion of judicial review of appellant's convictions, appellant filed a motion to correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[6] Alleging that the failure of the District Court to follow the requirements of 21 U.S.C. § 851(b) before imposing an enhanced sentence rendered that sentence an "illegal sentence," appellant requested the District Court to vacate the sentence and resentence him in conformity with 21 U.S.C. § 851(b).

## II. DISCUSSION

At the outset, we emphasize what is *not* at issue in this case. The Government concedes that the District Court did not comply with 21 U.S.C. § 851(b).[7] Similarly, appellant concedes that the motion to correct sentence was not filed within the 120 day limit set forth in Rule 35 for the correction of a sentence "imposed in an illegal manner."

---

Special Agent Edgar Seibert of Alcohol, Tobacco and Firearms of the United States Treasury Department checked the United States District Court for the District of Columbia records and found the records of this Court do reflect that Charles W. Ramsey entered a plea of guilty before Judge George L. Hart, Jr., to Count Two of Criminal Case Number 218–68, a felony violation of the narcotics laws of the United States, that is, a violation of Section 4704(a), Title 26, United States Code.
R. 16.

4. 21 U.S.C. § 851(b) (1976) provides:

If the United States attorney files an information under this section [stating in writing a previous conviction wished to be relied on in sentencing], the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

5. Appellant was sentenced to 10 to 30 years with a six year special parole term on each of the importation and possession charges, and 32 months to eight years on each of the use of a communication facility charges. The sentences were imposed to run concurrently with each

other, but consecutively to any other sentence then being served. R. 32.

6. That rule provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.
F.R.Crim.P. 35.

7. In *United States v. Bolden*, 514 F.2d 1301 (D.C.Cir.1975), this court held, in construing a statute similar to 21 U.S.C. § 851(b), that strict compliance with the statute is required; substantial compliance is not sufficient. We adhere to *Bolden* and conclude that strict compliance with 21 U.S.C. § 851(b) is required. However, this conclusion does not answer the question of which errors under § 851(b) fall outside the time limitation of Rule 35, and thus may be corrected at any time.

Moreover, appellant does not contend that he was prejudiced by the failure of the District Court to follow § 851(b). Upon examination of the record, we agree that appellant was not prejudiced. Appellant admitted, both in the stipulated record and at sentencing, that he had been convicted of a prior narcotics offense. Appellant has never argued, and does not so argue in this appeal, that he was not validly convicted of the prior offense. It is also noteworthy that under 21 U.S.C. § 851(e) (1976), appellant could not have attacked the validity of the prior offense even had he wished to do so.[8]

For appellant to succeed in this appeal, we must find that his sentence is an "illegal sentence" within the meaning of Rule 35. In the circumstances of this case, however, we reject this contention. In light of his acknowledged prior conviction, appellant's sentence in this case was within the limits authorized by the relevant sentencing statutes.[9] Appellant could not have attacked, and indeed has never attempted to attack, that prior conviction. Instead, appellant twice admitted that he had been convicted of a prior federal narcotics offense. To rule that, in the circumstances of this case, the District Court's failure to follow § 851(b) rendered appellant's sentence an illegal sentence would ignore completely the distinction established by Congress in Rule 35 between an "illegal sentence" and a sentence imposed in an "illegal manner." We refuse to do so.[10]

In this case, appellant has properly moved to correct a sentence "imposed in an illegal manner." However, since appellant's motion was not filed within the time limits set forth in Rule 35 to correct such a sentence, his claim is time-barred. As a result, we affirm the decision of the District Court.

So Ordered.

**8.** 21 U.S.C. § 851(e) (1976) provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

The stipulated record advising of appellant's prior conviction was submitted to the District

Court on November 22, 1974. R. 16. Appellant pled guilty to the prior offense more than five years earlier, on May 10, 1968.

**9.** *See* notes 2 and 5, *supra.*

**10.** To the extent that *United States v. Cevallos,* 538 F.2d 1122 (5th Cir. 1976), suggests a contrary result, we disagree with that decision.