Timothy L. **ROBINSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 81–1137.

District of Columbia Court of Appeals.

Submitted Sept. 15, 1982.

Decided Dec. 30, 1982.

Gregg Schaaf, Washington, D.C., appointed by this court, was on the brief for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., with whom John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and Lisa J. Stark, Asst. U.S. Atty., Washington, D.C., were on the brief for appellee.

Before KELLY, MACK and PRYOR, Associate Judges.

PRYOR, Associate Judge:

On June 16, 1977, appellant was convicted of robbery, D.C.Code 1973, § 22–2901, and on August 3, 1977 received an enhanced sentence of 15 years to life imprisonment under D.C.Code 1973, § 22–104a.[1] On May 15, 1981, approximately three years after sentencing, appellant sought collateral relief under D.C.Code 1981, § 23–110 from the enhanced sentence which had been imposed. This appeal is from the denial, without a hearing, of appellant's motion to vacate sentence.

It is conceded that the sentencing judge failed to fully comply with D.C.Code 1973, § 23–111(b).[2] Thus, the issue before us is whether this noncompliance, when viewed in light of Super.Ct.Cr.R. 35(a) is an illegal sentence or merely a sentence imposed in an illegal manner. We conclude that appellant may not, at this juncture, collaterally attack[3] on the basis of procedural irregularity, a sentence which is within the limits of the sentencing statutes. We therefore affirm the order of the trial court denying relief for want of jurisdiction.

[1.] D.C.Code 1973, § 22–104a provides:
(a) If—
(1) any person (A) is convicted in the District of Columbia of a felony, and (B) before the commission of such felony, was convicted of at least two felonies, and
(2) the court is of the opinion that the history and character of such person and the nature and circumstances of his criminal conduct indicate that extended incarceration or lifetime supervision, or both, will best serve the public interest, the court may, in lieu of any sentence otherwise authorized for the felony referred to in clause (A) of paragraph (1), impose such greater sentence as it deems necessary, including imprisonment for the natural life of such person.

[2.] D.C.Code 1973, § 23–111(b) provides:
If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

[3.] This opinion is limited to the jurisdictional issues herein presented and does not reach the merits of appellant's collateral challenge.

## I

On August 3, 1977, the following exchange occurred at the sentencing hearing:

THE COURT: All right, I am ready to proceed. Before I proceed to the sentence in this cause, however, I ask the defendant if you are the same Timothy Robinson who, on November 5, 1973, was convicted of robbery in Criminal Case Number 42233–73, in the Superior Court of the District of Columbia?

MR. ROBINSON: Yes, sir.

THE COURT: And are you the same Timothy Robinson, who, on April 22, 1970, was convicted of Third Degree Burglary in Criminal Case Number 4936 BL in Sullivan County, Tennessee?

MR. ROBINSON: Yes, sir.

THE COURT: Do you wish to challenge either of these convictions?

MR. ROBINSON: No, sir.

THE COURT: All right. I'm ready to proceed for sentence. Counsel, do you know of any reason why sentence should not now be imposed?

MR. DENNY: No, I do not, Your Honor....

THE COURT: ... All right. Mr. Timothy L. Robinson, on the offense of robbery, for which you were found guilty by the jury in this case, the Court acts as it is permitted and authorized to do so by Section 22–104a of the District of Columbia Code, providing for increased penalties after prior conviction, the Court imposes the following: Timothy L. Robinson, it is the sentence of this Court that you be incarcerated for a period of fifteen years to life, consecutive to any other sentences now already imposed.

The pertinent part of the operative statute provides that the sentencing judge shall, before sentencing inquire whether the convicted person affirms or denies that he has been previously convicted as alleged and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.[4] Here, the trial court failed to inform appellant that any challenge by him to his prior convictions would be precluded if not made before sentence was imposed.

Given a series of decisions from this court indicating that the sentencing procedures of the recidivist statutes are to be strictly followed, *see, e.g., (Robert) Smith v. United States,* D.C.App., 356 A.2d 650 (1976); *(Ernestine) Smith v. United States,* D.C.App., 304 A.2d 28, 34, *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973); *see also Fields v. United States,* D.C.App., 396 A.2d 990 (1979), appellant contends this procedural defect requires that his sentence be vacated and the case remanded for resentencing. This is generally the remedy provided. However, unlike the cases cited, this question comes before us on the basis of collateral attack rather than by direct appeal. As a consequence, Super.Ct.Cr.R. 35(a)[5] is, for the first time, brought into consideration. In reaching a decision, we must necessarily consider the effect of Rule 35(a) when considered in conjunction with the statutory provisions already mentioned.

## II

Enhanced sentencing involves incarceration for extended periods of time. For that reason, we have, as appellant reminds us, required that the procedures involved in such augmented sentences be strictly followed, *e.g., (Robert) Smith v. United States, supra; (Ernestine) Smith v. United States, supra; Fields v. United States, supra.* A

---

**4.** D.C.Code 1973, § 23–111(b), *supra* note 2.

**5.** Super.Ct.Cr.R. 35(a) provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided.

related but different problem arises where a court without jurisdiction imposes a sentence or where the sentence imposed is in excess of the authorized maximum. Rule 35(a) is specific as to this difference. It states that an illegal sentence may be corrected at any time and that a sentence illegally imposed must be corrected within 120 days.[6]

■ Although the general provisions of the statute authorizing collateral challenges to a sentence, D.C.Code 1981, § 23–110, could be construed to permit a motion for relief of any kind to be brought at any time, we conclude that Rule 35 imposes a rational complementing limitation on the court's jurisdiction to grant remedies for the different kinds of sentencing error. Where the sentence is "illegal" in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided, then such sentence—because of the gravity of the error, the unqualified deprivation of one's liberty—may be challenged at any time. However, where a court of competent jurisdiction imposes a sentence within the limits authorized by the relevant statute, but commits a procedural error in doing so, it is not an abuse of discretion nor unreasonable—when balancing concepts of fairness and finality—to characterize this sentence as one imposed in an "illegal manner" under Rule 35(a) and therefore subject to the 120-day jurisdictional limitation for challenge.

In a recent decision of the United States Court of Appeals for the District of Columbia Circuit, *United States v. Ramsey*, 210 U.S.App.D.C. 285, 655 F.2d 398 (1981), the court addressed this same issue, involving statutory language[7] and a rule of criminal procedure[8] nearly identical to ours. The court concluded:

To rule, that, in the circumstances of this case, the District Court's failure to follow [the enhanced sentencing statute] rendered appellant's sentence an illegal sentence would ignore completely the distinction established by Congress in Rule 35 between an "illegal sentence" and a sentence imposed in an "illegal manner." [*Id.* at 288, 655 F.2d at 401].

■ We do not see this approach as inconsistent with our prior decisions. Contrary to appellants' assertions, we maintain our adherence to strict compliance with the statutory provisions affecting enhanced sentencing. We simply hold that where a sentence is illegally imposed under a recidivist statute or generally, the remedy must be sought within the time stated in Rule 35(a). Otherwise the remedy is time barred and the trial court is without jurisdiction to act.

*So ordered.*

MACK, Associate Judge, dissenting:

In my view, the sentence at issue here is not one imposed in an "illegal manner," but rather an "illegal" sentence within the meaning of Super.Ct.Cr.R. 35(a). It is an "enhanced" sentence imposed in violation of Section 23–111(b) of the D.C.Code. This court has mandated strict compliance with the procedures of this statute for an obviously basic reason.[1] The statute goes to the very heart of the sentence itself, authorizing the imposition (of what may have been a short term sentence) of an alternative sentence ranging to imprisonment for life.

This is why we must look below the surface of what is easy to think of as a "procedural error." The commission of this "procedural error" can well result in the loss of a substantive right. There is much more at

---

6. It is settled that the 120-day limitation in Rule 35(a) is a grant of jurisdiction and may not be extended. *McDaniels v. United States*, D.C. App., 385 A.2d 180 (1978); *see United States v. Nunzio*, D.C.App., 430 A.2d 1372 (1981).

7. *See* 21 U.S.C. § 851(b) (1976); 28 U.S.C. § 2255 (1976).

8. *See* Fed.R.Crim.P. 35(a).

1. *Fields v. United States*, D.C.App., 396 A.2d 990 (1979); *(Robert) Smith v. United States*, D.C.App., 356 A.2d 650 (1976); *(Ernestine) Smith v. United States*, D.C.App., 304 A.2d 28, *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973).

stake here, for example, than the failure to follow the procedural step of affording "allocution" (see *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Cevallos,* 538 F.2d 1122, 1128 (5th Cir.1976)) which is, of course, reachable by collateral attack at any time. If a defendant, remaining uninformed at the most difficult time of sentencing, fails to challenge a prior conviction before sentence is imposed under § 23–111(b), he waives the right thereafter to challenge the prior conviction. Rule 35 should not be used, therefore, as the majority directs, to cut off the right to challenge a sentence imposed in violation of our strict mandate.

The legal requirements for imposition of an enhanced sentence were not met here and, thus, the court did not have the authority to impose this sentence. As a result, "the enhanced sentence in fact exceeds the normal statutory maximum which the Judge is otherwise authorized to impose," *United States v. Cevallos, supra* at 1128, and is "illegal." [2] I would reverse and remand for resentencing.

---

**2.** *See United States v. Lippner,* 676 F.2d 456, 467–68 n. 16 (11th Cir.1982); *United States v. Garrett,* 565 F.2d 1065 (9th Cir.1977), *cert. denied,* 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978). These cases, as does *United States v. Ramsey,* 210 U.S.App.D.C. 285, 655 F.2d 398 (1981), involve FED.R.CRIM.P. 35(a). Federal Rule 35(a) is identical to Super.Ct.Cr.R. 35(a) and is to be construed in light of the interpretation given the former by the federal courts. *See McDaniels v. United States,* D.C.App., 385 A.2d 180, 181 n. 2 (1978).