Billy D. LITTLEJOHN, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CO–907.

District of Columbia Court of Appeals.

Argued March 20, 2000.

Decided April 20, 2000.

Robert S. Becker, Washington, DC, appointed by the court, for appellant.

Deborah L. Connor, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Mary Patrice Brown, Washington, DC, were on the brief, for appellee.

Before REID and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

REID, Associate Judge:

In this case, appellant Billy D. Littlejohn asserts that the trial court imposed an illegal sentence on him in 1986, because

of its failure to make a "no benefit" determination under the Federal Youth Corrections Act ("the FYCA" or "the Youth Act"), 18 U.S.C. § 5010(d)[1] prior to sentencing. We affirm the conviction.

## FACTUAL SUMMARY

In 1985, Littlejohn, then twenty years of age, entered a plea of guilty to one count of carnal knowledge, in violation of D.C.Code § 22–2801 (1973), and one count of taking indecent liberties with a minor, in violation of § 22–3501(a). Prior to his sentencing, the Honorable H. Carl Moultrie I, now deceased, ordered a study under the FYCA, 18 U.S.C. § 5010(e)[2] to determine whether Littlejohn would benefit from treatment and supervision as a youth. In July 1986, however, after Chief Judge Moultrie's death, another judge sentenced Littlejohn as an adult to two terms of incarceration, but the sentences were suspended and he was placed on probation.[3]

Subsequent to the revocation of his probation in 1988, Littlejohn filed seven *pro se* post-conviction relief motions in the trial court between the years 1989 and 1997.[4] For example, on July 10, 1996, he sent a "Motion to vacate illegal sentence" to the trial court. In that motion he argued that when he was placed on five years proba-

tion in 1985, he was sentenced under the Youth Act and was illegally re-sentenced as an adult in 1988 after his probation was revoked. He asserted that "Judge Scot[t] did not follow the Youth Act guidelines for Youth Act violators." The motions judge, the Honorable Ellen Segal Huvelle, denied Littlejohn's motion. After referencing his revocation of probation, Judge Huvelle stated:

Judge Scott imposed the original sentences of 5–15 years and 3–9 years to run consecutively.

In short, the sentences imposed were exactly the same as the original suspended sentences and defendant was not sentenced pursuant to the Youth Act, so there was no need for Judge Scott to apply Youth Act guidelines to the revocation of probation. There is thus no basis for any challenge to the legality of defendant's sentence.

Littlejohn's most recent collateral attack on his sentence occurred on August 12, 1997, when he filed a petition which the motions judge, again Judge Huvelle, construed as a *"pro se* habeas corpus petition pursuant to D.C.Code [ ] § 23–110 (1996)." Littlejohn stated, *inter alia,* that Judge Moultrie had sentenced him in 1985 to five years probation under the FYCA, and that

1. Section 5010(d) provided: "If the court shall find that a youth offender will not derive a benefit from treatment under subsection (b) or (c) [of FYCA], then the court may sentence the youth offender under any other applicable penalty provision." The FYCA was repealed in 1984, but continues to be applicable to persons like Littlejohn whose crimes took place prior to October 12, 1984.

2. Section 5010(e) stated:

 If the court desires additional information as to whether a youth offender will derive benefit from treatment under subsections (b) or (c) [of the FYCA], it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency. Within sixty days from the date of the order, or such additional period as the court may grant, the Commission shall report its findings.

3. The Honorable Robert M. Scott, now deceased, sentenced Littlejohn to a term of five to fifteen years in prison on the carnal knowledge count, and a consecutive term of three to nine years on the indecent liberties count. His sentence was suspended and he was placed on supervised probation for five years. In 1988, Littlejohn's probation was revoked after he tested positive for drugs on three occasions, and failed to keep appointments with his probation officer and a human sexuality clinic, as required by his probation agreement.

4. Littlejohn was paroled in June 1994, and subsequently, the South Carolina Department of Probation, Parole and Pardon Services accepted him for parole supervision. His parole was revoked in 1996 for violation of his parole conditions. He returned to the District from South Carolina without reporting to District authorities.

his probation was revoked after "a technical violation." He complained that he was sentenced as an adult, rather than as a youth offender. As relief, he sought treatment as a youth offender under 18 U.S.C. § 5010(b) or (c).[5] In essence, he argued that the trial court failed to make a "no benefit" determination. The government maintained that Littlejohn's "petition should be denied as a successive petition."

On April 8, 1998, Judge Huvelle denied Littlejohn's petition. She recognized that: "The [FYCA] requires that a sentencing court make a finding that a young defendant will not benefit from Youth Act treatment before sentencing him as an adult." However, she denied Littlejohn's petition on the grounds that it was "a successive claim for collateral relief" under § 23–110(e), and constituted "an abuse of the writ because [Littlejohn] ha[d] already filed several prior § 23–110 motions without raising the 'no benefit' argument." Judge Huvelle also noted that Littlejohn had not been sentenced by Judge Moultrie in 1985, but that his sentencing had been continued several times until he was finally sentenced as an adult on July 22, 1986, by Judge Scott. Furthermore, Judge Huvelle stated in a footnote that:

> Judge Scott's alleged failure to make a "no benefit" finding arguably goes to the manner in which the sentence was imposed, rather than to the legality of the sentence. Although it is contended that

Judge Scott erred procedurally in failing to make a "no benefit" finding prior to sentencing defendant as an adult, it is not alleged that Judge Scott lacked jurisdiction to impose the sentence or that the sentence was in excess of the statutory maximum prescribed by the statute.

Judge Huvelle decided to address what appeared to be "[Littlejohn's] real challenge ... [-] Judge Scott's alleged failure to make a 'no benefit' finding at the time of sentencing (as opposed to at the probation revocation hearing) ...." In considering Littlejohn's challenge, Judge Huvelle cited *Matos v. United States*, 631 A.2d 28 (D.C.1993) and concluded that he had not shown the required "cause for his failure to [raise the "no benefit" argument in prior collateral attacks on his sentence] and prejudice as a result of his failure." 631 A.2d at 30 (quoting *Head v. United States*, 489 A.2d 450, 451 (D.C.1985) (citation omitted)). Therefore, she determined that Littlejohn was procedurally barred from making his August 1997 attack on his sentence. The trial court denied Littlejohn's motion for reconsideration.

## ANALYSIS

The essence of Littlejohn's argument on appeal is that his August 1997 petition should have been treated as a motion to vacate an illegal sentence under Super. Ct.Crim. R. 35(a)[6] and that the motions

---

**5.** Section 5010(b) provided:

> If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under the applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter.

Section 5010 (c) specified:

> If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission prior to the expiration of six years from the

date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of this chapter.

**6.** Rule 35(a) provides: *"Correction of sentence.* The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Rule 35(b) states in relevant part:

> *Reduction of sentence.* A motion to reduce a sentence may be made not later than

court abused its discretion in denying his petition. The government primarily argues that the motions court properly denied Littlejohn's petition under § 23–110, and that even if his petition had been construed as a request for Rule 35(a) relief, he could not prevail because the petition was untimely.

In *Neverdon v. District of Columbia*, 468 A.2d 974 (D.C.1983), we said: "An illegal sentence may be corrected at any time, whether the challenge to the sentence is by motion under Super. Ct.Crim. R. 35(a) or under D.C.Code § 23–110." *Id.* at 975. Furthermore, we declared:

> Because the sentencing court may correct an illegal sentence under Rule 35 "at any time," we think it clear that the trial court would have the power to entertain and grant appellant's second motion, notwithstanding its denial of the earlier motion to the same effect. However, as with relief under D.C.Code § 23–110 and its federal analogue, 28 U.S.C. § 2255, certain preclusion principles do apply to Rule 35 motions. A trial court may, in the exercise of discretion, refuse to entertain a second Rule 35 motion relying on objections previously advanced unsuccessfully.

*Id.* (citing *United States v. Quon*, 241 F.2d 161, 163 (2d Cir.), *cert. denied*, 354 U.S. 913, 77 S.Ct. 1302, 1 L.Ed.2d 1431 (1957)). We added: "Thus, although strict principles of res judicata do not apply to motions seeking relief from an illegal sentence, '[t]his does not mean that a prisoner may again and again call upon a court to repeat the same ruling....'" *Id.* (citing *United States ex rel. Gregoire v. Watkins*, 164 F.2d 137, 138 (2d Cir.1947)). *See also Moore v. United States*, 608 A.2d 144, 145–46 (D.C.1992).

Putting aside, without deciding, the issue of a successive claim, and assuming, again without deciding, that the trial court should have treated Littlejohn's petition as a motion under Rule 35, we conclude that, based on the information before us,[7] Littlejohn was sentenced in 1986, not 1985, and that under the majority decision in *Robinson v. United States*, 454 A.2d 810 (D.C. 1982), his sentencing was not illegal. In *Robinson* we distinguished between an illegal sentence and an illegally imposed sentence:

> Where the sentence is "illegal" in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided, then such sentence—because of the gravity of the error, the unqualified deprivation of one's liberty—may be changed at any time. However, where a court of competent jurisdiction imposes a sentence within the limits authorized by the relevant statute, but commits a procedural error in doing so, it is not an abuse of discretion nor unreasonable—when balancing concepts of fairness and finality—to characterize this sentence as one imposed in an "illegal manner" under Rule 35(a) and therefore subject to the 120–day jurisdictional limitation for challenge.

454 A.2d at 813. The trial court had the jurisdiction to impose sentence on Littlejohn and its sentence was consistent with the statutory penalties for carnal knowledge and taking indecent liberties with a minor. *See United States v. Ramsey*, 210 U.S.App. D.C. 285, 288, 655 F.2d 398, 401 (1981) ("To rule that in the circumstances of this case, the District Court's failure to

---

120 days after the sentence is imposed or probation is revoked, or not later than 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a

judgment of conviction or probation revocation.

7. The records pertaining to Littlejohn's 1985 FYCA study and his probation, as well as his 1986 sentencing have been destroyed due to the passage of time. In addition, the judges and defense counsel who participated in those processes have since died.

follow [the Federal Youth Corrections Act] rendered appellant's sentence an illegal sentence would ignore completely the distinction established by Congress in Rule 35 between an 'illegal sentence' and a sentence imposed in 'an illegal manner.' ").

■ We are unpersuaded by the authorities on which Littlejohn relies in contending that he was subjected to an illegal sentence. Citing *Cole v. United States*, 384 A.2d 651, 653 (D.C.1978), Littlejohn argues that: "Regardless of the maximum adult sentence for a crime, in the absence of an explicit finding that an eligible defendant will not benefit from a Youth Act sentence, the only sentencing options open to the trial court are embodied in § 5010(a), (b) and (c), which are mutually exclusive." [8] He also relies upon *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). *Cole, supra,* is distinguishable from Littlejohn's case. There the trial judge made an explicit finding that Cole would benefit from a FYCA sentence, but imposed an adult sentence with respect to one of the three counts on which Cole was convicted, and a FYCA sentence with regard to the other two. *Cole, supra,* 384 A.2d at 652. Littlejohn was sentenced as an adult on both of his convictions. Moreover, Littlejohn's contention that Judge Moultrie and Judge Scott implicitly made a "benefit" finding under the FYCA is speculative in the absence of a record showing that the judge exercised his discretion to make a "benefit" finding.[9] In addition, we see nothing in *Dorszynski, supra,* supporting Littlejohn's assertion that an illegal sentence was imposed on him under the FYCA.

■ The Supreme Court in *Dorszynski* interpreted FYCA as providing "two new alternatives to add to the array of sentencing options previously available to [federal district judges]." [10] 418 U.S. at 433, 94 S.Ct. 3042 (footnote omitted). Despite these two new alternatives, however, the Supreme Court declared that: "The legislative history [of the FYCA] clearly indicates that the Act was meant to enlarge, not restrict, the sentencing options of federal trial courts in order to permit them to sentence youth offenders for rehabilitation of a special sort." *Id.* at 436, 94 S.Ct. 3042. These new sentencing options were procedural in nature, not substantive. As the Supreme Court stated:

> The authority to sentence a youth offender under "any other applicable penalty provision" is expressly reserved to federal trial courts by § 5010(d), and thus is within the permissible range of sentences which may be imposed under the Act. The "no benefit" finding required by the Act is not to be read as a substantive standard which must be satisfied to support a sentence outside the Act, for such a reading would subject

---

**8.** Section 5010(a) provided: "If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."

**9.** In the absence of evidence to the contrary, the government is entitled to a " 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). Thus, even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.

*Id.* at 31, 113 S.Ct. 517 (citing *Johnson, supra,* 304 U.S. at 468–69, 58 S.Ct. 1019)

**10.** The new sentencing alternatives were:

> [F]irst, [federal district judges] were enabled to commit an eligible offender to the custody of the Attorney General for treatment under the Act. 18 U.S.C. §§ 5010(b) and (c). Second, if they believed an offender did not need commitment, they were authorized to place him on probation under the Act. 18 U.S.C. § 5010(a). If the sentencing court chose the first alternative, the youth offender would be committed to the program of treatment created by the Act. 418 U.S. at 433, 94 S.Ct. 3042.

the sentence to appellate review even though the sentence was permitted by the Act's terms, thereby limiting the sentencing court's discretion.

*Id.* at 441, 94 S.Ct. 3042. Thus, even when a report, completed under § 5010(e) of the FYCA, recommends youth offender treatment, "[t]he trial judge may accept the recommendation ... [, b]ut he is also free to reject it." *United States v. Dancy,* 166 U.S.App. D.C. 399, 405, 510 F.2d 779, 785 (1975).[11]

██ In light of our analysis, we conclude that Littlejohn was not subjected to an illegal sentence. Specifically, we hold that where the trial court imposes an otherwise legal adult sentence on a FYCA-eligible defendant without making the "no benefit" finding required by § 5010(d) of the FYCA, the sentence is imposed in an illegal manner but is not an "illegal sentence" for purposes of Rule 35(a).

Because Littlejohn did not assert, within the time limits set forth in Rule 35(b), that the trial court erred in not making a "no benefit" determination under FYCA before sentencing him as an adult, his petition is untimely. Consequently, the trial court did not err in denying his petition, because "[i]t is settled that the 120-day limitation in Rule 35[ ] is a grant of jurisdiction and may not be extended." *Robinson, supra,* 454 A.2d at 813 n. 6 (citing *McDaniels v. United States,* 385 A.2d 180 (D.C.1978) (other citation omitted)).

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*

**11.** Littlejohn also cites *Goodwin v. United States,* 602 F.2d 107, 108 (6th Cir.1979) in support of his contention that he was subject-ed to an illegal sentence. We decline to follow the reasoning of this case.