GLICKMAN, Associate Judge,
concurring in the judgment:
The majority unnecessarily rests its decision, in part, on a strained characterization of the evidence that I do not share. In my view, we should acknowledge that there was no evidence suggesting the reason the complainant vacillated before calling the police after she was assaulted had anything to do with the fact she is transgender. The only evidence as to why the complainant (briefly) hesitated was her explanation that she was hurt, traumatized, and fearful that appellant would attack her again if the police failed to arrest him. She said nothing to indicate she was apprehensive about disclosing her transgender status to the police or afraid that she would be disbelieved for that reason.
Nonetheless, it was the jury’s prerogative to determine the witness’s credibility, weigh the evidence, and draw “a vast range of reasonable inferences from the *704 evidence.”[14] Jurors are permitted to draw “such reasonable inferences as [they] feel are justified in the light of [their] experience.”[15] In exercising that prerogative, “tj]urors may properly use their common sense and evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human beings.”[16] “While the line between reasonable inferences and mere speculation is impossible to define with any precision, if there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.”[17] In light of these principles, it is not easy for me to condemn as impermissible speculation a juror’s inference that the complainant had “an overwhelming incentive” not to report the assault to the police because that would mean exposing herself as transgendered “to authorities and total strangers and the general public[,] many of whom may have deep seated animosity and hostility towards her.”
But even if this interpretation of the complainant’s behavior was not a reasonable inference from the evidence at trial, I do not think it would have been appropriate for the trial judge to tell the jury so. The judge, as he properly recognized, was obligated to respect the jury’s fact-finding prerogatives. To that end, we admonish judges not to “intrude[] upon functions,” including “the drawing of legitimate inferences from the facts,” that are “the sole province of the jury.”[18] For the judge in this case to have responded to the juror’s inquiry by forbidding the inference he described would have been such an unwarranted intrusion, in my opinion. It is fundamental that we trust in the jury’s ability to reason these things out for itself in the give-and-take of deliberations and decide for itself whether a proposed inference is a fair one or not. The judge had no reason to think the jury unable to do that here.
For these reasons, I think the judge responded to the juror’s inquiry correctly, and certainly did not abuse his discretion, by refraining from expressing any view as to the validity of the juror’s supposition, and by reinstructing the jurors that they were permitted to draw such reasonable inferences from the facts found as they felt were justified in light of their experience.[19]

. Rivas v. United States, 783 A.2d 125, 134 (D.C.2001) (en banc) (quoting United States v. Long, 905 F.2d 1572, 1576 (D.C.Cir.1990)).

. Criminal Jury Instructions for the District of Columbia, No. 2.104 (5th ed.2011).

. United States v. Vasquez, 677 F.3d 685, 692 (5th Cir.2012) (quoting United States v. Ayala, 887 F.2d 62, 67 (5th Cir.1989) (internal quotation marks omitted)).

. United States v. Galbraith, 20 F.3d 1054, 1057 (10th Cir.1994) (quoting Tose v. First Pa. Bank, 648 F.2d 879, 895 (3d Cir.1981) (internal citations and quotation marks omitted)).

. Wheeler v. United States, 930 A.2d 232, 244 (D.C.2007) (internal quotation marks omitted).

. As to the sentencing issues raised by appellant, the trial judge did not, in my view, misconstrue D.C.Code § 22-1804a (a)(2) or misapprehend the Council’s intent in enacting that enhancement provision. In addition, I agree that appellant has not shown himself to be entitled to a remand for resentencing on account of the judge’s failure before pronouncing sentence to (1) ask appellant whether he affirmed or denied the prior convictions supporting the enhancement of his sentence, and (2) inform appellant that any challenge to *705 a previous conviction not made before the imposition of his sentence could not be raised thereafter to attack the sentence. It is true that this court has insisted on strict compliance with those requirements of D.C.Code § 23-111(b) and not hesitated to remand for resentencing when they have been disregarded. See, e.g., (Robert) Smith v. United States, 356 A.2d 650, 652 (D.C. 1976) ("Strict, not substantial compliance, is the rule.”) (citing (Ernestine) Smith v. United States, 304 A.2d 28, 34 (D.C. 1973)). Nonetheless, it is not too much to demand that an appellant who seeks resentencing on this ground assert that the resentencing would not be an empty formality and a waste of time because he does, in fact, have a challenge to make. That is all appellant needed to do, in my opinion; see id. (stating that the assertion having been made, "[w]e need not pass on the inquiry of whether appellant could actually make out a case for challenging the prior conviction”). But appellant did not do it.