**Charles D. COLEMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6173.**

District of Columbia Court of Appeals.

Argued April 18, 1972.

Decided Oct. 13, 1972.

Matthew W. Black, Jr., Washington, D. C., appointed by this court, for appellant.

James F. Flanagan, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard N. Stuckey, Asst. U. S. Attys., were on brief, for appellee.

Before KERN, GALLAGHER and PAIR, Associate Judges.

GALLAGHER, Associate Judge:

After a jury trial, appellant was convicted of carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204.

The arresting officers received a radio call on a robbery in progress in the 1100 block of O Street, N.W. Upon reaching the scene they were told that two suspects ran up the street. While cruising the area a few minutes later they were radioed a description of the perpetrators. At this point a car pulled away from the curb in front of the officers who were then a block away from the scene of the incident. They noticed that one of three male occupants of the car appeared to fit a description they had received.

The officers stopped the car they had observed. The man who appeared to fit the description stepped from the rear seat, was patted down by an officer and a gun was recovered from a coat pocket. He announced to the other officer he had discovered a gun. It developed that the gun was a .22 caliber pellet pistol, which was described as a pistol which shot gas pellets rather than conventional ammunition. The other officer then searched under the front passenger seat where appellant had been sitting, and found a firearm, a .32 caliber pistol. A further search located another .22 caliber pellet pistol under the driver's seat.

At the outset of the trial, defense counsel informed the court that notwithstanding appellant was charged with the possession of only the .32 caliber firearm, the Government planned to introduce in evidence "all the pistols found in the car." Defense counsel then objected in advance to an introduction into evidence of, or testimony concerning, the two pellet pistols on the ground that it would be "highly prejudicial" to appellant.

The court ruled against appellant in respect to the other two weapons and stated it would instruct the jury to consider "only the one pistol" he was charged with possessing.

During the trial, the court admitted the two pellet pistols into evidence over objection, and later omitted giving the intended instruction to the jury limiting its consideration to the .32 caliber pistol.

Appellant contends that admission into evidence of the other weapons was prejudicial and constituted reversible error.

In Macklin v. United States, 133 U.S. App.D.C. 347, 410 F.2d 1046 (1969), there was involved a charge of carrying a dangerous weapon. During rebuttal, the Government elicited testimony from a police officer concerning other guns taken from the defendant's companions in a car, and displayed the weapons before the jury, though they were not introduced into evidence. This was done for the asserted purpose of impeaching prior testimony of the defendant, though no such limiting instruction was given by the court. In reversing, the court concluded that the effect was to associate the defendant with weapons not in his possession and for the possession of which he was not charged; and that this "pressed upon the jury the implication that the case against appellant involved these weapons when in fact it did not." Macklin, supra at 349, 410 F.2d at 1048.

There are two factual distinctions between Macklin and this case. In Macklin, the weapons erroneously brought before the jury were firearms whereas in this case they were pistols which were capable of firing only gas pellets. The primary consideration on this question is the impact on the jury and it is our view that the jury impression was substantially the same as if the pistols were capable of firing conventional ammunition. It is unlikely, on this record, that the jury impact would be any different than if they were the usual type pistol.[1]

Secondly, in Macklin the pistols were referred to and displayed during rebuttal whereas here the Government obtained their admission into evidence in its case-in-chief and appellant did not testify on his own behalf.[2] Consequently, in this case

---

1. Also, here, unlike in *Macklin*, they were received in evidence.

2. The Government stated its purpose in offering the additional pistols into evidence

not only were the pellet pistols inadmissible against appellant but there was no semblance of justification for their introduction into evidence.

Moreover, during the court's instruction to the jury, in describing the evidence, it said, "We have testimony and we have the physical evidence, Government's One through Five. You can take all the evidence to the jury room if you ask for it." The pellet pistols were thus included as they were admitted as exhibits two and three.

We conclude that *Macklin, supra,* applies in all material respects and is controlling. Consequently, it was prejudicial error to admit into evidence the pellet pistols.

Since the case must be remanded for a new trial one other issue raised by appellant deserves comment. Appellant's sentence was based in part upon a prior felony conviction (D.C.Code 1967, § 22–3204). That statute enables a more severe sentence upon conviction of carrying a pistol without a license where a defendant has a prior conviction for this offense or a prior felony conviction. In sentencing appellant in accordance with the prior felony conviction provision, however, the court failed to follow the procedure made mandatory by D.C.Code 1967, § 23–111 (Supp. V, 1972). If this case were not being reversed for another reason, this failure, as the Government concedes, would have necessitated a remand for resentencing.[3]

Reversed and remanded for a new trial.

was because it understood appellant's defense was that he did not possess the .32 caliber pistol, with which he was charged, and the Government therefore wished to show that the two pellet pistols were found on the floor where the two companions had been sitting in the car to enhance the showing that the pistol found on the floor where appellant had been sitting was in fact possessed by him. The answer to this is the pellet pistols were plainly inadmissible under the circumstances.

3. We have examined appellant's remaining contentions and find no substantial merit in them.