UNITED STATES of America, Plaintiff,

v.

Sammy RISENHOOVER, Defendant.

No. 74–CR–74.

United States District Court,
N. D. Oklahoma.

June 25, 1979.

Ben Baker, Asst. U. S. Atty., Tulsa, Okl., for plaintiff.

Tom Hanlon, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Following a jury trial in which Sammy Risenhoover was found guilty of violating 21 U.S.C. § 846, this Court, on July 26, 1974, sentenced Risenhoover to imprisonment for five years and imposed a fine on him in the amount of $15,000. By a mandate filed in this Court on March 5, 1975 the Tenth Circuit Court of Appeals affirmed the Court's judgment.

The action is now before the Court on Risenhoover's Motion to Modify Judgment and Sentence. In said Motion he states that he has completed his term of imprisonment but that the $15,000 fine is still outstanding as a judgment against him. He asks the Court to modify his sentence so as to discharge him from the obligation on the $15,000 fine on the basis that it is economically impossible for him to pay the fine.

Upon examination of Risenhoover's Motion, the Court finds that the same should be denied.

Rule 35, Federal Rules of Criminal Procedure, specifically provides the procedure by which a sentencing court may reduce, modify, suspend or vacate a sentence. Rule 35 provides:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

Rule 35 speaks to three distinct matters. First, it provides a procedure for the correction of an illegal sentence. Next, it provides for correction of a sentence imposed in an illegal manner. And third, it authorizes the Court to reduce a lawful sentence if, on further reflection, the Court believes that it has been unduly harsh. An illegal sentence may be corrected at any time. The other two procedures authorized by Rule 35 must be done within the time specified in the rule. *See* Wright, *Federal Practice and Procedure*: Criminal § 581 (1969).

An examination of Risenhoover's Motion reveals that he is not entitled to relief under any of the procedures set forth in Rule 35. The sentence imposed on him was not illegal so as to entitle him to relief under the first Rule 35 procedure, and he is precluded from relief under the other two Rule 35 procedures as his Motion was not filed within the 120 day time limitation of Rule 35.

A sentence is illegal within the meaning of Rule 35 if it is in excess of the statutory provision, or in some other way contrary to the applicable statute. A sentence subject to this procedure is one that the judgment of conviction does not authorize. *United States v. Morgan*, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The sentence on Risenhoover in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statute, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect. Accordingly, to the extent Risenhoover is seeking to modify the sentence imposed on him on the basis that the sentence was illegal, his Motion should be denied.

With regard to the remaining Rule 35 procedures, where a Rule 35 motion is made to correct a sentence imposed in an illegal manner or to reduce a lawful sentence, the motion must be made within the time limits provided by the rule for a reduction of sentence. In the instant case, as Risenhoover filed an appeal to the Tenth Circuit, the applicable time limit is 120 days after March 5, 1975, the day the Court received the mandate of the Tenth Circuit affirming the judgment against him. This time limit of 120 days is mandatory and jurisdictional. *United States v. United States District Court, Central District of California*, 509 F.2d 1352, 1354 (Ninth Cir. 1975), *cert. denied*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Flores*, 507 F.2d 229, 230 (Fifth Cir. 1975); *United States v. Regan*, 503 F.2d 234, 237 (Eighth Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). If the motion is made after this time limitation and the sentence is a lawful one, the Court is powerless to act. *E.g., Urry v. United States*, 316 F.2d 185, 186 (Tenth Cir. 1963). The Court may not enlarge the period for taking action under Rule 35. Rule 45(b), Federal Rules of Criminal Procedure.

As the Court received the Tenth Circuit's mandate affirming the judgment against Risenhoover on March 5, 1975, the 120 day period permitted by Rule 35 for Risenhoover to file a motion to correct his sentence on the basis that it was imposed in an illegal manner or to reduce that sentence began to run on March 5, 1975 and expired on July 3, 1975. After July 3, 1975 this Court lost the power to modify or reduce Risenhoover's sentence under Rule 35 on those grounds. The Motion now under consideration was submitted to the Court in February, 1979 and is thus considerably out of time.

In view of the foregoing, Risenhoover's Motion to Modify Judgment and Sentence is denied.