**Richard H. LUCAS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 90–1298.

District of Columbia Court of Appeals.

Argued Nov. 18, 1991.

Decided Feb. 7, 1992.

---

Monoranjan Bezboruah, appointed by this court, for appellant.

Jennifer M. Anderson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese III, Henry S. Hoberman and Elizabeth Trosman, and DeMaurice F. Smith, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, FERREN and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Prior to appellant's jury trial for heroin distribution in violation of D.C.Code § 33–541(a)(1) (1988 Repl.), the government filed an information pursuant to D.C.Code § 23–111(a)(1) (1989 Repl.) indicating that appellant had one prior conviction. In fact he had two. Following appellant's conviction by a jury, appellant and the government agreed, as they do on appeal, that appellant should be sentenced as a second offender since the government's pre-trial information only mentioned one prior enhancing conviction. However, despite the noncompliance with § 23–111, the trial judge concluded that § 33–541(c)(1)(A–1) (1991 Supp.) obliged him to sentence appellant as a third offender, and did so.[1] We remand the case to the trial judge for resentencing, in accordance with the requirements of § 23–111, as a second offender.

### I.

◼ D.C.Code § 23–111(a) provides in pertinent part that:

(a)(1) No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney ... files an information with the clerk of the court, and serves a copy ... on the person or counsel for the person, stating in writing the previous convictions to be relied upon.

In *Arnold v. United States*, 443 A.2d 1318, 1326 (D.C.1982), the court stated that "[t]he purpose of [§ 23–111] is twofold: (1) to give notice to the defendant so that he [or she] may reasonably assess whether to plead guilty or proceed to trial, and (2) to avoid the 'unfairness' of increasing the potential punishment after the trial has be-

gun." This is evident in the legislative history of § 23–111:

[T]he requirement of such notice, in the committee's opinion, merely fulfills the right of an accused, under the fifth and sixth amendments of the Constitution, to be informed before trial of the nature of the charges against him. Moreover, as a matter of legislative policy, the District Committee has taken cognizance of, first, the importance of permitting the accused to determine intelligently, with foreknowledge of the risk which the instant litigation poses, both how to plead and how or to what extent to defend; and secondly, the unfairness, possibly rising to the level of a denial of fifth amendment due process, o[f] surprising the defendant after trial with "stakes" ... greater than he might have supposed....

*Id.* at 1325 (quoting S.Rep. No. 91–538, 91st Cong., 1st Sess. 10, at 11–12 (1969)).

Thus, the plain language and legislative history of § 23–111 prohibit increasing a defendant's punishment based on convictions not included in the United States Attorney's pretrial information. The danger that a defendant will be deprived of information regarding the charges or unfairly surprised at sentencing with a more severe penalty exists not only where no information is filed, but also where the information only identifies one prior conviction and the trial judge relies upon another conviction during sentencing.

In applying § 33–541(c)(1)(A–1), the trial judge concluded that the actual number of convictions controlled, regardless of the number of convictions listed by the government in its § 23–111 information. Section 33–541(c)(1)(A–1) creates a three-tiered penalty system for recidivists, whereby the mandatory minimum sentence increases in severity according to the defendant's prior drug convictions.[2] The language of § 33–

---

1. Appellant was sentenced to not less than 10 years and not more than 30 years' imprisonment.

2. D.C.Code § 33–541(c)(1)(A–1) (Supp.1991) provides in pertinent part:

Any person who violates subsection (a)(1) or (b)(1) of this section with respect to a controlled ... substance classified in Schedule I or II that is a narcotic drug, except cocaine, shall serve a mandatory-minimum sentence of not less than 4 years for the 1st offense, 7

541(c)(1)(A–1) does not indicate whether the number of prior "convictions" should be calculated on the basis of a defendant's actual number of convictions or only the convictions specified in the government's pre-trial information filed pursuant to § 23–111.

■ The court, however, has "repeatedly mandated strict compliance with the procedures set forth in the code" under § 23–111. *Boswell v. United States*, 511 A.2d 29, 31 (D.C.1986); *see Robinson v. United States*, 454 A.2d 810 (D.C.1982); *Morris v. United States*, 436 A.2d 377 (D.C.1981); *Fields v. United States*, 396 A.2d 990, 991 n. * (D.C.1979); *Smith v. United States*, 356 A.2d 650, 654 (D.C.1976); *Coleman v. United States*, 295 A.2d 896 (D.C.1972); *see also Brandon v. United States*, 239 A.2d 159, 161 (D.C.1968) (prior to § 23–111, "informal notice" was insufficient). The absence of reference to § 23–111 in § 33–541 does not necessarily mean that the requirements of § 23–111 do not apply. The court has applied § 23–111 to other penalty-enhancing provisions which do not refer to § 23–111, *see Boswell, supra*, 511 A.2d at 30–31 (government required to file § 23–111 information to enhance defendant's penalty under § 22–104a),[3] even where such provisions require the trial judge to impose a mandatory minimum sentence. *See Fields, supra*, 396 A.2d at 991 n. * (§ 23–111 regulates the "manner in which prior convictions are presented to the court to enhance sentencing under a statute such as § 22–3202(a)(2)").[4] Thus, the filing requirement under § 23–111 applies where the judge has discretion to enhance a defendant's sentence and also where the

statute restricts the judge's discretion and provides for a mandatory sentence.

■ Furthermore, although the mandatory minimum sentence under § 33–541 was created by a citizen's initiative,[5] the three-tiered penalty system for recidivists was established by an Act of the Council of the District of Columbia.[6] The fact that the D.C. Council created the three-tiered system is significant for several reasons. First, it effectively refutes any suggestion that the provision in § 33–541, which reads "[e]xcept as hereinafter specifically provided in this subsection," was intended to repeal § 23–111. The quoted provision was part of the citizen's initiative in 1982 under which there was no need to file a § 23–111 information. It was not until over seven years later, when the D.C. Council established the three-tiered penalty structure for recidivists, that § 23–111 became relevant. Second, it is not unreasonable to apply to a legislature, as distinct from the electorate enacting a law by initiative, the settled principles of statutory construction against implied repeals of prior legislation. The court has acknowledged that the members of the D.C. Council are deemed to be aware of the case law in effect at the time the Council enacts amendatory legislation. *See Meiggs v. Associated Builders*, 545 A.2d 631, 635 (D.C.1988).

■ Therefore, in the absence of a specific exemption of § 33–541 from the requirements of § 23–111, or repeal of § 23–111, the court must, if possible, read the two statutes so each is effective. *See Rodriguez v. United States*, 480 U.S. 522, 524, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (per curiam) ("repeals by implication are not favored ... and will not be found un-

---

years for the 2nd offense, and 10 years for the 3rd or subsequent offense....

**3.** Under D.C.Code § 22–104a (1989 Repl.) the trial judge has discretion to enhance the sentence of a defendant who has been convicted of a felony committed after at least two prior felony convictions.

**4.** D.C.Code § 22–3202(a)(2) (1991 Supp.) provides for a mandatory minimum sentence of five years upon a second conviction for a "crime of violence, or a dangerous crime ... when armed," and a mandatory sentence of 10 years

upon conviction of a "second offense while armed with any pistol or firearm."

**5.** Mandatory Minimum Sentences Initiative of 1981, D.C.Law 4–166 (March 11, 1982); 30 D.C.Reg. 1082 (1983).

**6.** Omnibus Narcotic and Abusive Drug Interdiction Amendment Emergency Act of 1989, D.C.Law 8–75 (July 27, 1989) (temporary legislation); Omnibus Narcotic and Abusive Drug Interdiction Amendment Act of 1990, D.C.Law 8–138 (April 17, 1990) (permanent legislation).

less an intent to repeal is 'clear and manifest' " (quoting *United States v. Borden Co.*, 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939) (citation omitted))); *Morton v. Mancari*, 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974) ("duty of courts, absent clearly expressed intention to the contrary, to regard each [statute] as effective"). Upon so doing, we find no irreconcilable conflict between § 33–541 and § 23–111, and hence we can find no implied repeal.

Section 23–111 provides that it is applicable to "an offense under the laws of the District of Columbia." D.C.Code § 23–111(a)(1). This unambiguous language, that § 23–111 applies to any offense under the D.C.Code, was not modified by the express provisions of § 33–541. Indeed, § 23–111 supports the effective utilization of § 33–541 by insuring that a defendant has timely notice of the prior convictions on which the government and the trial court intended to rely in bringing a prosecution under § 33–541. As the government points out, § 33–541 "was designed to treat traffickers differently depending on the amount of drugs and the number of prior convictions," while § 23–111 is designed "to ensure defendants who are subject to enhanced punishment have notice of the government's intention to seek an enhanced sentence, and to provide the defendant with both a basis to evaluate the extent of his [or her] exposure to increased incarceration and to enable him [or her] to determine his [or her] options as to whether to plead or defend." Thus, the statutes are clearly compatible; there is no "positive repugnancy." *United States v. Young*, 376 A.2d 809, 813 (D.C.1977) (en banc) (quoting *Borden Co., supra*, 308 U.S. at 198, 60 S.Ct. at 188); *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993–94, 48 L.Ed.2d 540 (1976) (court must consider extent to which legislative purposes can be accommodated without implying intent to repeal).

 In view of the potential harshness of the result of enhanced sentences, actual notice to the defendant of the prior convictions to be relied upon by the government is important. In addition to providing an opportunity prior to trial to consider one's options, it avoids later disputes about the prior convictions on which the government and trial court may properly rely. We join the parties in rejecting the suggestion that the provisions of § 33–541 themselves provide adequate notice to the defendant of the mandatory additional punishment for a second or subsequent conviction because the statute eliminates the trial court's sentencing discretion. *See Fields, supra*, 396 A.2d at 991 n. *. Further, we deem irrelevant the fact that a defendant may be aware that the government is aware of his or her prior convictions. The pretrial knowledge by the defendant that is "critical" is, as the government states, whether the government intends to rely on the defendant's prior convictions for purposes of sentencing enhancement under § 33–541.[7] Without such knowledge, the defendant would only learn that he or she is subject to significantly higher mandatory minimum sentences after the trial, which would, as the government agrees, create the "unfair surprise and lack of notice that § 23–111 is designed to prevent." Although this interpretation of the statute places control in the prosecutor over both the charging of offenses and the length of the sentence to be imposed, this is the effect of mandatory sentencing provisions, and there is nothing to suggest that the D.C. Council did not appreciate this result when it enacted the three-tiered sentencing scheme in § 33–541.

██ Because the information under § 23–111 identified appellant has having only one prior conviction on which the government intended to rely in prosecuting appellant under § 33–541, appellant was unaware, prior to trial, that he was subject to being sentenced as a third offender. Consequently, the government joins appellant in seeking a remand of the case so that the trial judge may resentence appellant in

---

**7.** We also agree with the government that a defendant's knowledge that the government may impeach him with his prior convictions is irrelevant to the defendant's sentencing.

compliance with § 23–111.[8] We hold that the requirements of § 23–111 are applicable to prosecutions under § 33–541(c)(1)(A–1) and, accordingly, we affirm the judgments of conviction but remand the case for resentencing of appellant as a second offender under § 33–541(c)(1)(A–1).

---

**8.** The trial judge's reliance on *Finney v. United States,* 527 A.2d 733 (D.C.1987), is misplaced. That case concerned the addict exception under § 33–541(c)(2). Since it did not present the court with a question concerning an enhanced penalty, § 23–111 was inapplicable. *Id.* at 735 (addict exception permits reduction of mandato-

ry minimum sentence); *see also id.* ("informations are required by D.C.Code § 23–111(a)(1) (1981) when the government seeks an enhanced penalty—for example, when the defendant is a repeat offender subject to a greater maximum sentence under D.C.Code § 22–104 or 22–104a (1981)").