James E. NORMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 89–CO–1359.

District of Columbia Court of Appeals.

Argued Oct. 1, 1992.
Decided April 23, 1993.

Richard K. Gilbert, Washington, DC, appointed by this court, for appellant.

Steven N. Berk, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellant, James E. Norman, appeals from an order of the motions judge denying his motion to vacate, set aside, or correct his enhanced sentence. Appellant's principal contention is that his enhanced sentence was imposed in an illegal manner [1] because part of the trial judge's inquiry pursuant to D.C.Code § 23–111(b) (1989) [2] occurred *prior* to his conviction and not after his conviction, as required by that statute. Thus, he argues that this case should be remanded for resentencing. We affirm.

---

1. Appellant does not contend that his sentence exceeds the limits authorized by the relevant statute.

2. D.C.Code § 23–111(b) (1989) provides as follows:

If the prosecutor files an information under this section, the court shall, *after conviction*

## I.

### APPELLANT'S CONVICTIONS AND SENTENCING

On September 4, 1987, appellant was convicted by a jury of carrying a pistol without a license ("CPWOL") (D.C.Code § 22–3204 (1989)); possession of an unregistered firearm (D.C.Code § 6–2311 (1989)); possession of unregistered ammunition (D.C.Code § 6–2361 (1989)); and attempted theft in the second degree (D.C.Code § 22–3811 (1989)). On October 22, 1987, the trial judge imposed an enhanced sentence of three to nine years[3] on the CPWOL conviction. The basis for the enhanced sentence was appellant's prior conviction for armed robbery which had been disclosed in a government information filed pursuant to § 23–111(a)(1).[4] This court affirmed appellant's convictions in an unpublished memorandum opinion and judgment, *Norman v. United States*, No. 87–1216 (D.C. March 31, 1989). In his direct appeal, appellant did not challenge his sentence or any prior conviction.

## II.

### POST–APPEAL PROCEEDINGS BEFORE THE MOTIONS JUDGE

On April 3, 1989, three days after this court affirmed his convictions, appellant filed in Superior Court a hand-written *pro se* motion to vacate, set aside, or correct his sentence, citing D.C.Code § 23–110. Appellant claimed that the trial judge failed to strictly comply with the requirements of § 23–111(b) by not asking him, *after* his conviction, whether he affirmed or denied any prior convictions. He also claimed that there was an error in the § 23–111(a) information filed against him.[5] Thereafter, appellant, with the assistance of counsel, filed a supplemental memorandum in open court and requested that his motion be construed as a motion to correct a sentence imposed in an illegal manner, pursuant to Super.Ct.Crim.R. 35(a).[6] The motions judge,[7] relying on the holding in *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), ruled that because appellant had failed to raise an available challenge to his sentence on direct appeal, he could not, thereafter, collaterally attack the sentence, unless he made a showing of both cause for his failure to raise the issue on direct appeal and prejudice as a result of that failure. Finding that appellant had established neither cause nor prejudice, the motions judge orally denied appellant's motion and subsequently issued a written order. This appeal followed.

---

*but before pronouncement of sentence,* inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
(Emphasis added.)

3. Appellant was sentenced to one year each on the other charges. All sentences were to run concurrently with each other, but consecutively with the attempted theft charge.

4. D.C.Code § 23–111(a)(1) (1989) reads in pertinent part as follows:

No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney or the Corporation Counsel, as the case may be,

files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.

5. Appellant has not raised this latter issue in this appeal.

6. Super.Ct.Crim.R. 35 provides as follows:

(a) *Correction of sentence.* The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
(b) *Reduction of sentence.* A motion to reduce a sentence may be made not later than 120 days after the sentence is imposed ... or not later than 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment. ...

7. The trial judge had resigned from the Superior Court.

## III.

## THE PROPRIETY OF THE RULING BY THE MOTIONS JUDGE

We affirm the judgment of the motions judge on grounds different from those on which the motions judge relied. *See Craig v. United States,* 551 A.2d 440 & n. 4 (D.C.1988). Appellant's *pro se* motion should have been construed by the motions judge as a Rule 35(a) motion. *See Byrd v. United States,* 500 A.2d 1376, 1378–79 n. 5 (D.C.1985), *adopted en banc, Byrd v. United States,* 510 A.2d 1035 (D.C.1986) ("Since we look to the substance of appellant's *pro se* request for collateral relief rather than its form, we will consider appellant's entitlement to relief under Super.Ct.Crim.R. 35(a)."). *See Robinson v. United States,* 454 A.2d 810, 813 (D.C.1982).

Pursuant to the plain language of Rule 35(a), a motion challenging a sentence imposed in an illegal manner may be made after an unsuccessful appeal.[8] The Rule 35(a) motion must be filed within the jurisdictional time limitation. *Robinson, supra,* 454 A.2d at 813; *see also United States v. Ramsey,* 210 U.S.App.D.C. 285, 288, 655 F.2d 398, 401 (1981).[9] In *Robinson,* we distinguished between motions brought pursuant to D.C.Code § 23–110 and Rule 35(a) motions as follows:

Although the general provisions of the statute authorizing collateral challenges to a sentence, D.C.Code 1981, § 23–110, could be construed to permit a motion for relief of any kind to be brought at any time, we conclude that Rule 35 imposes a rational complementing limitation on the court's jurisdiction to grant remedies for the different kinds of sentencing error.... [W]here a court of competent jurisdiction imposes a sentence within the limits authorized by the relevant statute, but commits a procedural error in doing so, it is not an abuse of discretion nor unreasonable—when balancing concepts of fairness and finality—to characterize this sentence as one imposed in an "illegal manner" under Rule 35(a) and therefore subject to the 120–day jurisdictional limitation for challenge.

*Id.* at 813.[10]

Arguably, had the motions judge considered appellant's *pro se* motion as a motion to correct his sentence pursuant to Rule 35(a), the judge could have properly concluded that the cause and prejudice required for a § 23–110 motion was also required for a Rule 35(a) motion. *See Shepard v. United States,* 533 A.2d 1278, 1282

---

**8.** We recognize that when an unsuccessful challenge to the sentence is made in the direct appeal, the trial court may, in the exercise of its discretion, refuse to entertain a Rule 35(a) motion relying on the same grounds advanced during the direct appeal. *See Moore v. United States,* 608 A.2d 144, 145 (D.C.1992); *Neverdon v. District of Columbia,* 468 A.2d 974, 975 (D.C. 1983).

**9.** *See also* 3 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE 2D § 585, at 395–98 (1982) (a Rule 35(a) motion to correct a sentence imposed in an illegal manner may be made within 120 days after an unsuccessful appeal of a conviction); *United States v. DeLutro,* 617 F.2d 316, 317 (2d Cir.1980); *United States v. Hammer,* 496 F.2d 917 (5th Cir.1974); *United States v. Risenhoover,* 92 F.R.D. 741 (N.D.Okla.1979); *United States v. Sutton,* 415 F.Supp. 1323, 1327 (D.D.C.1976) (failure to raise a sentencing issue on direct appeal does not preclude raising it for the first time in a Rule 35 motion attacking either an illegal sentence or a sentence imposed in an illegal manner). We recognize that the circuit decisions were rendered at a time when Fed. R.Crim.P. 35(a) was identical to Su-

per.Ct.Crim.R. 35(a). Thus, Super.Ct.Crim.R. 35(a) is to be construed in light of the interpretation given to its federal counterpart by the federal courts. *See McDaniels v. United States,* 385 A.2d 180, 181 n. 2 (D.C.1978). The federal rule was substantially amended in 1987.

**10.** *Robinson* was the first case in this jurisdiction in which this court considered the effect of a motion to correct an illegally imposed sentence pursuant to Rule 35(a) in conjunction with a § 23–110 motion. Although the motion in *Robinson* was untimely filed, the jurisdictional rationale is nonetheless applicable and persuasive.

We went on to say in *Robinson* that we lacked jurisdiction to hear the appeal *only* because the Rule 35(a) motion filed in the trial court was untimely. We stated:

We simply hold that where a sentence is illegally imposed under a recidivist statute or generally, the remedy must be sought *within the time stated in Rule 35(a).* Otherwise the remedy is time barred and the trial court is without jurisdiction to act.

*Id.* (emphasis added).

**1168**

(D.C.1987); *Head v. United States,* 489 A.2d 450, 451 (D.C.1985); *cf. Frady, supra,* 456 U.S. at 167–68, 102 S.Ct. at 1594. We need not reach this issue, however, because, in Part IV, *infra,* we affirm the judgment of the motions judge on the ground that appellant's sentence was not imposed in an illegal manner.

## IV.

### THE PURPOSES OF THE ENHANCED SENTENCING STATUTE WERE FULFILLED NOTWITHSTANDING TECHNICAL DEFECTS IN THE PROCEEDINGS

#### a. *The Purposes of D.C.Code § 23-111*

Appellant contends that because the trial judge did not strictly comply with § 23–111(b), we must remand for resentencing, notwithstanding any showing on his part that he was either prejudiced or deprived of any substantive rights. Appellant's argument is unpersuasive.

D.C.Code § 23–111 sets forth the mandatory procedures by which the government may seek an enhanced sentence. *See, e.g., Coleman v. United States,* 295 A.2d 896 (D.C.1972). "Because enhanced sentencing involves imprisonment for extended periods of time, we have repeatedly mandated strict compliance with the procedures set forth in the code." *Boswell v. United States,* 511 A.2d 29, 31 (D.C.1986). *See also (Robert) Smith v. United States,* 356 A.2d 650, 652 (D.C.1976). ("Strict, not substantial compliance, is the rule.") In *Boswell,* the court explained that:

> The statutory scheme ... requires the government to file before trial an information alleging previous convictions. D.C.Code § 23–111(a)(1). If the prosecutor has filed such an information, the trial court shall, after conviction but before pronouncing sentence, inquire whether the convicted person affirms or denies the allegations in the information. *Id.* § 23–111(b). The court shall also inform the person that any challenge to a previous conviction is waived unless made before sentence is imposed. *Id.* If the person denies any allegation in the

> information, or challenges the validity of any of the cited convictions, he shall file and serve on the government a written response. *Id.* § 23–111(c)(1).

511 A.2d at 31 (emphasis added).

■ "Denial [of any conviction] during the prescribed colloquy raises issues and establishes the hearing and proof requirements of section [23–] 111(c)." *Id.* at 32. In order to comply with § 23–111, the trial judge "must afford the defendant the opportunity to affirm or deny any alleged past convictions and inform the defendant that the failure to challenge a past conviction prior to sentencing will result in the waiver of any right to such a challenge in the future." *Logan v. United States,* 591 A.2d 850, 852 (D.C.1991) (citation omitted). We have held that the "touchstone" of judicial compliance with § 23–111 is notice to the defendant; however, when such notice is given, technical violations constitute harmless error, and we will not remand for resentencing. *Id.* at 852.

#### b. *The Trial Judge's Efforts to Comply with D.C.Code § 23-111(b)*

■ The record shows that the trial judge essentially complied with § 23–111(b). At a status hearing on April 30, 1987, approximately five months prior to trial, the judge engaged in the following dialogue with appellant and his attorney:

> THE COURT: The form lists a 1975 bank robbery and a 1975 armed robbery conviction with respect to your client. Are those acknowledged?
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.

The purposes of § 23–111(b) were again fulfilled at a status hearing on September 2, 1987. On that date, immediately prior to appellant's trial, the government complied with § 23–111(a) and filed an information with the court informing the court and appellant that if appellant were convicted, the government intended to seek an enhanced sentence in view of his prior conviction for armed bank robbery. See note 4, *supra.* The trial judge inquired of appellant as follows:

Now, if you think these papers have been inappropriately filed against you for whatever reason, whether you are saying it is not your conviction, or you think for whatever reason these should not be filed against you if you are convicted in this case of carrying a pistol without a license charge, you have to let me know that you are objecting to these papers being used to give you a greater sentence, or you will waive or give up that right to raise that issue at some later point.

It is not clear from the record on appeal whether appellant responded in open court; unquestionably, the trial judge complied with the intent and purpose of § 23–111 when he *addressed appellant directly* and afforded him notice and an opportunity to respond. *See* § 23–111(b); *Logan, supra,* 591 A.2d at 852; *Boswell, supra,* 511 A.2d at 31 (the defendant, not counsel, must be afforded the *opportunity* to affirm or deny any alleged past convictions). Moreover, the trial judge's admonition to appellant that if he failed to challenge his prior conviction he would "waive or give up that right to raise that issue" fully complied with the intent and purposes of § 23–111(b) as well as with prior decisions of this court. *See Logan, supra,* 591 A.2d at 852; *Boswell, supra,* 511 A.2d at 31; *Fields v. United States,* 396 A.2d 990, 991 n. 1 (D.C. 1979).

At appellant's sentencing hearing on October 22, 1987, the trial judge, on *two* occasions, asked appellant if he wished to say anything about the enhancement papers. First, the trial judge inquired:

THE COURT: Let me just—does the defendant want to say anything regarding the enhancement penalties papers that was [sic] filed regarding the weapons charge?

[DEFENSE COUNSEL]: No, Your Honor. There is—we're not disputing the prior armed bank robbery offense from '75.

THE COURT: Very well. I will hear from government counsel.

Then, *prior to sentencing,* the trial judge afforded appellant a fourth opportunity to speak and engaged in the following dialogue with appellant and his attorney:

THE COURT: Mr. Norman, anything you would like to say?

[DEFENSE COUNSEL]: Your Honor, if I may, in light of the fact that Mr. Norman intends to file an appeal subsequently, I have instructed him not to address the Court at this time.

THE COURT: That is his prerogative. Is that correct, Mr. Norman?

THE DEFENDANT: Yes, sir.

(Emphasis added.)

Not only did appellant not respond, his attorney informed the judge that he had advised appellant not to respond because "Mr. Norman intends to file an appeal." In response to the judge's inquiry whether he wished to proceed in this manner, appellant responded, "Yes sir." Appellant *never* filed a written response or challenge to the information pursuant to D.C.Code § 23–111(c)(1) (1989).[11]

It is significant that appellant does not now claim on appeal that he did not understand that his failure to challenge the prior conviction waived any future right he may have had to challenge that conviction. Nor does appellant deny either the existence of the conviction or that he had been convicted of the offense. Moreover, he makes no claim that he would have proceeded any differently in his defense in the trial court. Further, he candidly admits on appeal, through counsel at oral argument before this court, that he does not intend to challenge the subject conviction in the future, even if the case is remanded for resentencing. By his own admission, he seeks only an opportunity to allocute at a resentencing hearing with the hope of getting a more favorable sentence.[12]

We decline appellant's invitation to adopt a *per se* rule requiring a remand for resen-

11. D.C.Code § 23–111(c)(1) provides in relevant part, as follows:

If the person denies any allegation of the information of previous conviction, or claims

that any conviction alleged is invalid, he shall file a written response to the information. . . .

12. Were we inclined to remand this case for resentencing, which we are not, appellant would not have a due process right to be present and

tencing where there has been the type of essentially harmless procedural violation of § 23–111(b) that appellant complains of in this appeal. Although the dialogue with appellant occurred in part *prior* to his conviction and, in part, after his conviction but prior to the imposition of sentence, we hold that the legislative intent and purposes of § 23–111(b), *i.e.,* notice to appellant of his substantive rights, were complied with by the trial judge. *See Logan, supra,* 591 A.2d at 853; *Arnold v. United States,* 443 A.2d 1318, 1328 (D.C.1982). Thus, we conclude that the present case is not analogous to those cases where remand has been mandated because the statutory purposes of § 23–111 have gone unfulfilled.[13] Accordingly, we will not waste scarce judicial resources and remand this case for resentencing. *Cf. Lopez v. United States,* 615 A.2d 1140 (D.C.1992); *Allen v. United States,* 603 A.2d 1219, 1228 n. 19 (D.C.1992) (en banc). The judgment on appeal is

*Affirmed.*

allocute at his resentencing. *See Bennett v. United States,* 620 A.2d 1342, 1343 (D.C.1993); *Wells v. United States,* 469 A.2d 1248, 1250 (D.C. 1983); Super.Ct.Crim.R. 43(c).

**13.** With the exception of *Robinson, supra,* 454 A.2d at 813, wherein we held that we had no jurisdiction to remand for resentencing, this court has remanded for resentencing every case where the trial court failed to comply with either of the statutory purposes of § 23–111. *See, e.g., Key v. United States,* 587 A.2d 1072 (D.C. 1991) (late notice denied defendant opportunity to consider whether to plead guilty); *Arnold,* *supra,* 443 A.2d at 1328 (defendant not provided the opportunity to affirm or deny the convictions in the information); *Fields, supra,* 396 A.2d at 991 n. 1 (defendant not informed of the risk of waiver); *(Robert) Smith v. United States, supra,* 356 A.2d at 652 (same); *(Ernestine) Smith v. United States,* 304 A.2d 28, 35 (D.C.), *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973) (defendant not provided the opportunity to affirm or deny the convictions in the information); *see also United States v. Bolden,* 169 U.S.App.D.C. 60, 514 F.2d 1301 (1975) (same).