**Marcus J. RUFFIN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 08–CO–973, 08–CO–1263, 10–CO–971.**

District of Columbia Court of Appeals.

Argued May 26, 2011.

Decided July 7, 2011.

Marie Park, appointed by the court, for appellant.

Michael J. Friedman, Assistant United States Attorney, with whom Ronald C. Machen, Jr., United States Attorney, and Roy W. McLeese III and Mary B. McCord, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and THOMPSON, Associate Judges, and SCHWELB, Senior Judge.

THOMPSON, Associate Judge:

After a jury trial, appellant Marcus J. Ruffin was convicted of unlawful distribution of a controlled substance (marijuana) and simple possession of marijuana. The trial court sentenced appellant to 24 months' incarceration for the unlawful distribution conviction and six months' incar-

ceration for the possession conviction, the sentences to run consecutively. Appellant then filed *seriatim* two motions under Super. Ct.Crim. R. 35(a), arguing that his sentence for unlawful distribution was an illegal sentence. Two of the instant consolidated appeals are from the trial court's denial of those motions. The third appeal is from the trial court's denial of appellant's D.C.Code § 23–110 (2001) motion for a new trial based on ineffective assistance of counsel. We affirm the trial court's rulings.

## I. Background

Appellant was arrested on September 20, 2005, after Metropolitan Police Department officers witnessed him hand a small object to another individual in exchange for money, saw him toss two objects to the ground after he spotted the police, and then found two plastic bags of marijuana in the area where the toss occurred and recovered from the buyer's shirt pocket a plastic bag containing a net weight of .92 grams of marijuana. On October 24, 2005, appellant was charged by indictment with unlawful distribution of a controlled substance (marijuana) and unlawful possession with intent to distribute a controlled substance (marijuana), both in violation of D.C.Code § 48–904(a)(1) (2001). The jury found appellant guilty of unlawful distribution of marijuana and of possession of marijuana, a lesser-included offense of possession with intent to distribute. In sentencing appellant to a total of thirty months' incarceration, the trial court took

into consideration that appellant had been convicted (in 2004) of possession with intent to distribute marijuana ("PWID"), for which he received a suspended sentence of 100 days in jail and a year of supervised probation under the Youth Rehabilitation Act, D.C.Code § 24–901 et seq. (2001).

On April 28, 2008, this court affirmed appellant's convictions in an unpublished memorandum opinion, and remanded the case for the sole purpose of reducing the term of supervised release that the court had imposed. While the direct appeal was pending, appellant filed his D.C.Code § 23–110 ineffective assistance of counsel motion. On July 11, 2008, he filed the first of his Rule 35(a) motions. The trial court denied the Rule 35(a) motion from the bench on July 18, 2008, and, after an evidentiary hearing, denied the section 23–110 motion from the bench on September 5, 2008. On April 15, 2010, appellant filed a second Rule 35(a) motion, which the trial court denied on July 19, 2010. The instant appeals followed.

## II. Appellant's Sentence

### A. Appellant's First Rule 35(a) Motion

■ In his first Rule 35(a) motion, appellant asserted—and he argues again on appeal—that the trial court erroneously sentenced him to 24 months for marijuana distribution when the maximum permissible sentence, under the "except that" clause of D.C.Code § 48–904.01(a)(2)(B),[1] was 180 days. Appellant does not dispute that, at the time of his trial, he had "previ-

---

1. D.C.Code § 48–904.01(a)(2)(B) provides that "[a]ny person who violates this subsection with respect to ... (B) Any other controlled substance classified in Schedule I, II, or III, except for a narcotic or abusive drug, is guilty of a crime and upon conviction may be imprisoned for not more than 5 years, fined not more than $50,000, or both; *except that* upon conviction of manufacturing, distributing or possessing with intent to distrib-

ute 1/2 pound or less of marijuana, a person who has not previously been convicted of manufacturing, distributing or possessing with intent to distribute a controlled substance or attempting to manufacture, distribute, or possess with intent to distribute a controlled substance may be imprisoned for not more than 180 days or fined not more than $1000 or both" (emphasis added).

ously been convicted of manufacturing, distributing or possessing with intent to distribute a controlled substance," *id.*, but he contends that because the amount of marijuana involved in the distribution charge had a net weight of only .92 grams (i.e., amounted to "1/2 pound or less of marijuana") and because his "prior marijuana offense was a misdemeanor," the trial court had no authority to sentence him to more than 180 days. Appellant premises this argument on D.C.Code § 48–904.01(g), which defines the term "offense" as a "prior conviction for a violation of this section or a felony that relates to narcotic or abusive drugs, marijuana, or depressant or stimulant drugs, that is rendered by a court of competent jurisdiction in the United States." He reasons that subsection (g) allows the sentencing judge to consider only prior "felony" offenses in determining whether the exception clause applies. We reject appellant's argument. As the trial court recognized, the word "offense," as defined in subsection (g), "is not a word that's used in [subsection (a)(2)(B) ]," the subsection under which appellant was sentenced. The trial court correctly ruled that appellant's prior PWID conviction—irrespective of whether it was classified as a felony or a misdemeanor—made the exception clause inapplicable.[2]

The fact that appellant was sentenced for his 2004 PWID conviction under the Youth Rehabilitation Act does not change our conclusion. Even when a conviction is set aside under the Youth Rehabilitation Act (and appellant's was not), the conviction still may be used "[i]n determining whether an offense under § 48–904.01 is a second or subsequent violation," D.C.Code § 24–906(f)(2), and in determining "whether a person has committed a second or subsequent offense for purposes of imposing an enhanced sentence under any provision of law," D.C.Code § 24–906(f)(1). We

**2.** Subsection (g) was added to the statute in 1990, when the statute also contained a subsection (c) that provided for a range of mandatory-minimum sentences based upon the number of the defendant's prior "offenses." *See* D.C.Code § 33–541(c)(1) (1990) (repealed 1995); *see also Gilmore v. United States*, 699 A.2d 1130, 1131–32 (D.C.1997) (en banc) (referencing the same statutory language in its former provision in D.C.Code § 33–541(g) (1993)). When subsection (c) was repealed in 1995, the Council of the District of Columbia—apparently inadvertently—did not repeal subsection (g). District of Columbia Nonviolent Offenses Mandatory–Minimum Sentences Amendment Act of 1994, Sec. 3, D.C. Act 10–392, 42 DCR 238 (1995) (repealing subsection (c) but not subsection (g)). The result is the anomalous situation that the definition of "offense" remains in D.C.Code § 48–904.01, but the term is nowhere used in the section. (The term "offense" remains in the sentencing statute at sections 48–904.08 and 48–904.09. However, the former section contains a separate definition of "offense," D.C.Code § 48–904.08(b), and the latter section uses the word in relation to sentencing for attempt or conspiracy, D.C.Code § 48–904.09.).

The foregoing discussion also disposes of appellant's (only arguably preserved) equal protection claim, i.e., his argument that he was treated "more harshly than someone with a similar prior marijuana conviction simply because of the geographical location of his prior offense [in the District of Columbia]." The definition of "offense" contained in subsection (g) distinguishes between "a violation of this [D.C.Code] section" and "a felony that relates to ... drugs ... rendered by [any] court of competent jurisdiction," D.C.Code § 48–904.01(g); but, again, this definition is irrelevant to the provision under which appellant was sentenced.

Appellant urges us to apply the rule of lenity to resolve "ambiguity" in D.C.Code § 48–904.01, but we have no occasion to apply that rule here, as we discern no ambiguity. *See Lemon v. United States*, 564 A.2d 1368, 1381 (D.C.1989) (explaining that the rule of lenity "can tip the balance in favor of criminal defendants only where ... a penal statute's language, structure, purpose and legislative history leave its meaning genuinely in doubt") (citation and internal quotation marks omitted).

agree with the government that these provisions reflect a legislative intent to permit convictions for which youthful offenders are sentenced under the Young Rehabilitation Act to be considered in imposing a sentence under D.C.Code § 48–904.01(a)(2)(B).

## B. Appellant's Second Rule 35(a) Motion

■ Appellant argued in his second Rule 35(a) motion that his 24–month sentence was an "enhanced sentence" that was illegal because the government did not file the information and notice mandated by D.C.Code § 23–111(a)(1) (2001).[3] In denying the motion, the trial court agreed with the government that the motion was time-barred because, rather than presenting a claim that the sentence was an illegal one (which, per Rule 35(a), the trial court "may correct . . . at any time"), the motion claimed that the sentence was imposed in an "illegal manner," meaning that the motion was subject to the 120–day limit described in Rule 35(b).[4] For the reasons that follow, we uphold the trial court's ruling. First, appellant's motion was filed on April 21, 2010—nearly two years after this court affirmed appellant's convictions on direct appeal and the mandate was issued. Rule 35 provides, however, that a "motion to correct a sentence imposed in an illegal manner may be made within 120 days after an unsuccessful appeal of a conviction." *Norman v. United States*, 623 A.2d 1165, 1167 n. 9 (D.C.1993). Thus, if the motion pertained to a sentence imposed in an illegal manner rather than to an illegal sentence, the motion was untimely.

Second, we agree with the trial court that the motion did indeed raise a claim about imposition of the 24–month sentence in an illegal manner rather than a claim that the sentence was illegal. An illegal sentence within the meaning of Rule 35(a) is a sentence that is "inconsistent with the defendant's conviction," *United States v. Boyd*, 591 F.3d 953, 956 (7th Cir.2010), and that "exceeds the limits authorized by the relevant statute," *Norman*, 623 A.2d at 1165 n. 1, "even if there was no irregularity in the sentencing proceeding." *Boyd*, 591 F.3d at 956 (construing the "old Rule 35(a) of the Federal Rules of Criminal Procedure—the version that allows for the

---

3. The pertinent text of D.C.Code § 23–111 is as follows:

> (a)(1) No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney or the Corporation Counsel [Attorney General for the District of Columbia], as the case may be, files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.
> . . .
> (b) If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether

he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

4. Rule 35(a) provides that the court may correct "a sentence imposed in an illegal manner within the time provided herein [i.e., in Rule 35(b) ] for the reduction of sentence," i.e., upon a motion "made not later than 120 days after the sentence is imposed . . ., or not later than 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction[.]"

correction at any time of an illegal sentence imposed for offenses committed before the [November 1, 1987] effective date of the [federal] Sentencing Reform Act"). By contrast, a sentence imposed in an illegal manner is one that reflects defects in the process or proceedings prior to the imposition of the sentence. *Id.* at 957 (explaining that a Rule 35(a) motion based on a claim that a sentence was imposed without the jury's having made the findings required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is "beyond the reach ... after 120 days"). Appellant's second Rule 35(a) motion focused entirely on the court's having sentenced him as a recidivist without the government having followed the procedure described in D.C.Code § 23–111(a)(1)—i.e., on the government's not having filed, before trial, "an information with the clerk of the court ... stating in writing the previous convictions to be relied upon." A motion premised on such a claimed defect in the pre-sentencing proceedings is subject to the 120–day limit established by Rule 35. *Cf.* (Timothy) *Robinson v. United States,* 454 A.2d 810, 811–12 (D.C.1982) (holding that Rule 35(a) motion premised on sentencing judge's failure to inform defendant that "any challenge to a previous conviction ... not made before sentence is imposed may not thereafter be raised to attack the sentence," D.C.Code § 23–111(b), asserted a "procedural irregularity," had the purpose to correct a sentence imposed in an illegal

manner, and therefore was subject to the 120–day time limit established by Rule 35(b)); *see also id.* at 813 (concluding that "where a sentence is illegally imposed under a recidivist statute or generally, the remedy must be sought within the time stated in Rule 35(a)," and explaining that "where a court of competent jurisdiction imposes a sentence within the limits authorized by the relevant statute, but commits a procedural error in doing so, it is not an abuse of discretion nor unreasonable—when balancing concepts of fairness and finality—to characterize this sentence as one imposed in an 'illegal manner' under Rule 35(a) and therefore subject to the 120–day jurisdictional limitation for challenge").

In upholding the trial court's ruling that appellant's second Rule 35(a) motion was time-barred, we decide only that appellant's claim—that the trial court improperly imposed a sentence under D.C.Code § 48–904.01(a)(2)(B) that was premised on a prior drug conviction without the government's having filed a D.C.Code § 23–111(a)(1) information—is a claim that the court imposed appellant's sentence in an illegal manner, and does not constitute a claim that the sentence is illegal. We need not and do not resolve whether, as appellant claims, the government was required to file an information,[5] or whether, absent the filing of such information, the trial court actually did impose the 24–month sentence in an illegal manner.[6] We

5. The government contends that it was not required to do so, and that, rather than authorizing a sentence "enhancement," section 48–904.01(a)(2)(B) is like the statute involved in *Finney v. United States,* 527 A.2d 733 (D.C. 1987), as to which we said: "[S]ection 23–111 does not apply to this case because we are not here dealing with an enhanced penalty. The addict exception permits a sentencing court to reduce the sentence below the mandatory minimum when the defendant makes the requisite showing ...; [it] neither author-

izes nor requires the court to increase the sentence beyond what would otherwise be the lawful maximum (or minimum)." *Id.* at 735.

6. We also have no occasion to consider whether, with the government not having filed a section 23–111 information, the conviction for which appellant received a 24–month sentence could properly be treated as a felony for immigration or other purposes—an issue comparable to the one addressed by the Supreme Court in *Carachuri–Rosendo v. Hold-*

note, however, that this appears not to be a case in which "the statutory purposes of § 23–111 have gone unfulfilled." *Norman,* 623 A.2d at 1170. The "purposes of the requirements set forth in § 23–111 are two-fold: (1) to give the defendant notice so that he may make an informed decision whether to proceed with trial or plead guilty, and (2) to avoid the unfairness of increasing the potential punishment after the trial has begun." (Flossie) *Robinson v. United States,* 756 A.2d 448, 454 (D.C. 2000) (citation and internal quotation marks omitted); *see also Lucas v. United States,* 602 A.2d 1107, 1111 (D.C.1992) (noting that section 23–111 "is designed to ensure defendants ... have notice of the government's intention to seek an enhanced sentence, and to provide the defendant with both a basis to evaluate the extent of his [or her] exposure to increased incarceration and to enable him [or her] to determine his [or her] options as to whether to plead or defend") (citation and internal quotation marks omitted). Here, despite the absence of a section 23–111 information, the record shows that appellant was on notice well before his trial

commenced that his prior conviction was a material factor.[7] It appears that he was fully aware of the government's intention to seek a sentence that reflected his prior conviction; and that he had "an adequate opportunity to determine whether to plead guilty or proceed to trial" in light of that awareness. *Arnold v. United States,* 443 A.2d 1318, 1328 (D.C.1982).

### III.  Ineffective Assistance of Counsel

■ In the affidavit accompanying his D.C.Code § 23–110 motion alleging ineffective assistance of trial counsel, appellant asserted that if he had been timely and adequately informed by his trial counsel about the government's plea offer, the risk of conviction, and possible sentences, he "most certainly would have accepted" the plea offer. He argued that his trial counsel failed to "stress[ ] ... the advantages of accepting the offer in lieu of trial." On appeal, appellant asserts again that his trial counsel failed to "provide meaningful advice concerning the benefit of entering a plea" and failed to advise him "that a plea agreement was in his best interest." [8]

---

*er,* —— U.S. ——, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), a case on which appellant relies.

7.  The grand jury indictment specified, in the statement of each charge, that appellant committed the charged offense "previously having been convicted of distribution or possession with intent to distribute any controlled substance or an attempt to do so"; the record reveals that appellant's trial counsel advised him, long before his trial commenced in March 2006 and before the government conveyed a plea offer (on October 16, 2005), that the "felony [portion of the law prohibiting the sale of marijuana] applies to you ... because of your prior PWID-marijuana conviction"; and, before trial commenced, the court inquired of appellant's counsel whether appellant wished to have the "element" of appellant's prior conviction decided by the jury or, if he waived "his right to have a jury make that decision," by the court. In addition, before the case was given to the jury, the trial

judge advised appellant that "the thing that makes your charges felony charges in this case" was the government's allegation that appellant had a prior drug conviction, and asked appellant directly whether he wanted the court or the jury to decide the "element of the prior conviction" (and appellant stated that he wanted the court to decide). *Cf. Blakely v. Washington,* 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ("[A] defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial."). Thereafter, appellant acknowledged the 2004 PWID conviction, and the court found that the prior drug conviction was proven.

8.  To obtain relief based on a claim of ineffectiveness of counsel, appellant must show (1) that counsel's representation was deficient, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington,*

The trial court conducted an evidentiary hearing on this claim. At the hearing, appellant testified that his counsel did not show him a copy of the letter from the government containing the plea offer, but acknowledged that his trial counsel did inform him that the government had offered a felony plea bargain under which, counsel estimated, appellant would serve between 10 and 24 months in prison. Appellant also testified that he did not want to take the felony plea bargain, but instead wanted to plead guilty only to a misdemeanor. He explained that he was already serving probation on a prior firearms-related conviction and feared that a felony plea would result in revocation of the remaining 15 months of his probation, while an acquittal at trial might allow the probation to continue. Appellant also stated that he would have accepted the government's plea offer if his probation "was going to be revoked regardless." When informed that the government's plea offer did not include an agreement to waive any sentencing consequences that accrued from appellant's prior PWID conviction (and thus that his sentence could have been up to five years in prison), however, appellant testified that he was "not . . . sure" whether he would have accepted that offer.

Appellant's trial counsel testified that when he first met with appellant in fall 2005, appellant had been served with an Order to Show Cause regarding his probation, for an "[a]lleged failure to pay fine or restitution" in connection with his firearms conviction and other "[a]lleged technical violation(s)" of probation, and that counsel believed that a guilty plea would have resulted in revocation of probation, while "there was a possibility if [appellant] went to trial that he would be acquitted and that would not necessarily amount to a violation of probation" that would result in revocation. Trial counsel testified that, in his view, the remaining 15 months that appellant would have to serve if his probation was revoked constituted "a lot of time compared to . . . what [appellant] was facing in this case." Trial counsel also testified—in contrast to appellant's testimony that he informed his trial counsel that he was, indeed, selling drugs on the evening of his arrest—that appellant did not admit that he was guilty of distributing marijuana. Trial counsel explained that, for all these reasons, although he informed appellant that the government had extended a plea offer and discussed with appellant the terms of, and possible sentences available under, the plea, he (counsel) did not encourage appellant to consider seriously acceptance of the plea offer.

The trial court credited trial counsel's testimony and found that trial counsel provided advice that was "entirely on target . . . reasonable, [and] competent." The court found that appellant's trial counsel had confirmed with the prosecution that the plea offer was for a felony, and that appellant understood the nature of the

---

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to meet either requirement defeats the ineffectiveness claim. *Id.* at 700, 104 S.Ct. 2052. The deficiency component of *Strickland* requires proof that a counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Appellant's burden is heavy, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reason-able professional judgment." *Id.* at 690, 104 S.Ct. 2052. To satisfy the *Strickland* prejudice prong, it is not enough to show that the error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. 2052. Rather, appellant must demonstrate "a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

plea offer at all times. The court declined to credit appellant's suggestion that he possibly would have chosen to accept the felony plea offer had he seen the plea-offer letter. Rather, the court found, appellant "knew all material risk[s] ... discuss[ed] them with counsel ... [and decided to] gamble on an acquittal." The court therefore denied appellant's motion, concluding that appellant had failed to demonstrate that he was prejudiced by any purportedly deficient advice, because appellant "never for one minute considered ... accepting ... a felony plea offer." We discern no reason to disturb the court's ruling, which rests on "credibility determinations [that] were the appropriate function of the fact finder and are beyond the scope of appellate review." *Price v. United States*, 985 A.2d 434, 439 n. 5 (D.C.2009). Moreover, appellant was unable to testify that he would have accepted the government's plea offer had he been more fully informed. With that inability, he did not meet his burden to prove that but for his trial counsel's (allegedly deficient) advice, "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Contrary to appellant's assertion, the evidentiary hearing did not establish that trial counsel precluded the possibility of appellant's entering a guilty plea and that counsel informed him that there was "no choice" but to go to trial. Trial counsel testified (and the trial court credited his testimony) that he attempted to negotiate a plea offer in the hope of arranging a plea to a misdemeanor, and that taking a plea is "always an option" and was "certainly within the realm of possibilities," but that he expressed to appellant and appellant understood "that a plea of any sort would be [an admission of] a violation of probation." Nor do we discern a basis for agreeing with appellant that his counsel was deficient in failing to advise him about

"the inevitability of the revocation of his probation" regardless of any plea taken. "[T]he decision to revoke probation typically involves ... a *discretionary* determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) (emphasis added). As the government points out, appellant might have avoided revocation of probation on those grounds for any number of reasons, including by paying the fine or restitution, or by curing any technical violation. We see nothing in the record that required the trial court to reject the "strong presumption" that trial counsel's strategic analysis and advice were reasonable. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052

In replying to the government's opposition to his section 23–110 motion, appellant expanded the bases for the motion, asserting that his trial counsel was deficient in failing to argue that the unlawful distribution charge should have been treated as a misdemeanor because appellant's prior drug offense was a misdemeanor conviction, for which appellant was sentenced under the Youth Rehabilitation Act. On appeal, he renews that argument, contending that he was denied effective assistance of counsel because his trial counsel "never challenged the use of [appellant's] prior misdemeanor conviction under the Youth Rehabilitation Act as a predicate offense." For the reasons discussed above, such a motion would have lacked merit, and thus counsel performed neither deficiently nor to appellant's prejudice in failing to raise such a claim. *Cf. Al–Mahdi v. United States,* 867 A.2d 1011, 1025 (D.C.2005) (concluding that trial counsel "did not deprive appellant of his ... right to effective assistance by not filing" a motion to suppress, since such a motion "would not have

been meritorious").[9]  For all the foregoing reasons, we cannot conclude that the trial court abused its discretion in denying appellant's section 23–110 motion.

Wherefore, the rulings of the trial court on appellant's motions are affirmed.

*So ordered.*

9.  Appellant also argues that his counsel was ineffective because he "failed to point out the government's failure to file enhancement papers," tracking the argument appellant made in his second Rule 35(a) motion.  However, appellant failed to raise this claim in the trial court, either in his section 23–110 motion or in his reply to the government's opposition to that motion.  Accordingly, we do not consider this claim.  *See Oparaugo v. Watts,* 884 A.2d 63, 75 (D.C.2005) (explaining that points not raised and preserved in the trial court will generally not be considered on appeal).