**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN M. PAGAN | : | |
| | : | |
| Appellant | : | No. 839 EDA 2023 |

Appeal from the PCRA Order Entered February 24, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010301-2014

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JULY 19, 2024**

Juan Pagan ("Pagan") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously set forth the factual and procedural history as follows:

> [I]n January [] 2000, [Pagan] and at least four other men committed numerous offenses after breaking into an occupied house, including robbery and [Pagan's] rape of a 21-year-old female resident after the men had blindfolded her and restrained her with duct tape. None of the victims were able to identify the assailants.
>
> [I]n October [] 2013, the Special Victims Unit of the Philadelphia police department received a CODIS report indicating that a DNA profile of [Pagan], who was by that time a convicted offender in West Virginia, matched the DNA obtained from the victim's rape kit. [Pagan] submitted to another DNA test which

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

confirmed his identity as the victim's rapist. The Philadelphia police department obtained an arrest warrant [i]n May [] 2014, and after extraditing [Pagan] from West Virginia, the Commonwealth filed a criminal information in September 2014 charging him with 23 crimes arising from the January 2000 incident. The court appointed counsel from the Defender's Association to represent [Pagan].

[I]n January [] 2015, at a pre-trial hearing where [Pagan] appeared with counsel to discuss the possibility of a plea, [Pagan] himself asserted that he believed the statute of limitations had run on prosecuting his case because "they had the DNA in 2011." The court informed [Pagan] in no uncertain terms that his claim was without merit.

\* \* \* \*

[I]n November []2015, [Pagan], through his counsel, filed a motion to dismiss alleging that the May 2014 arrest warrant was defective and, therefore, the statute of limitations for prosecuting his case was not tolled. The court held a hearing on the motion [i]n March [] 2016 . . .. After considering the [evidence and] vigorous arguments of counsel, the court concluded that the arrest warrant was valid and denied the motion to dismiss.

[I]n May [] 2016, [Pagan] entered open guilty pleas to three counts each of robbery and kidnapping, and one count each of rape, other sexual offenses, burglary, criminal trespass, and firearms offenses. [I]n August [] 2016, the court sentenced him to an aggregate term of 25 to 80 years' incarceration and notified [Pagan] that he was subject to lifetime registration requirements pursuant to SORNA. [Pagan] filed post-sentence motions, which the court denied. [Pagan] did not appeal his judgment of sentence.

[I]n August [] 2017, [Pagan] filed [his first] PCRA Petition *pro se*. The court appointed counsel who filed an amended [p]etition. Numerous delays followed as a result of, *inter alia*, the withdrawal and appointment of PCRA counsel, twice. **The court held an evidentiary hearing [i]n January [] 2019, to address whether counsel had failed to file a requested direct appeal. The court found the issue to be without merit and denied relief.**

However, the PCRA court subsequently granted [Pagan's] motion for reconsideration and allowed another amendment of the PCRA [p]etition. [Pagan's] counsel subsequently obtained several continuances. [I]n October [] 2020, the court issued a Pa.R.Crim.P. 907 [n]otice indicating its intent to dismiss the petition. After the grant of one final continuance, the court dismissed the petition [i]n January [] 2021.

*Commonwealth v. Pagan*, 272 A.3d 457 (Pa. Super. 2022) (unpublished memorandum at *1-*2) (footnotes and citations to the record omitted). This Court affirmed the dismissal of Pagan's petition, and our Supreme Court denied review in July 2022. *See id*., *appeal denied*, 282 A.3d 688 (Pa. 2022).

Pagan filed the instant PCRA petition, his second, on August 8, 2022. The Commonwealth moved to dismiss on the basis that Pagan's petition was untimely. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. *See* Notice, 1/23/23. Pagan filed no response. The PCRA court dismissed the petition on February 24, 2023. *See* Order, 2/24/23. Pagan timely appealed. *See* Notice of Appeal, 3/20/23. Both Pagan and the PCRA court have complied with Pa.R.A.P. 1925.

Pagan raises the following issues for our review:

I. Whether the PCRA court erred when it determined [Pagan's] PCRA petition was untimely but nevertheless failed to actually consider [Pagan's] constructional denial of counsel claim as a newly discovered fact?

II. Whether the procedural posture of this case corresponds with *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) since *Bradley*[] was decided when [Pagan's] PCRA petition was properly pending in this Court furthered by the fact that the prior procedural rule ultimately constrained [Pagan] from taking action but then, the same procedural rule which previously disabled [Pagan] was nevertheless held inadequate,

in violation of [Pagan's] due process rights since he was not afforded a fair opportunity to adjudicate claims of trial counsel's ineffectiveness that's predicated on PCRA counsel's ineffectiveness?

III. Whether PCRA counsel was generally ineffective for failing to cite to the record and provide this Court with legal authority supportive of [Pagan's] trial counsel's ineffectiveness for failing to invoke a valid statute of limitations defense, and was PCRA counsel ineffective for failing to preserve or raise claims of trial counsel's ineffectiveness when counsel failed to, (1) raise in the 1925(b) statement that the PCRA court erred when it determined plea/sentencing counsel was not ineffective for failing to file a requested direct appeal and (2) raise trial counsel's ineffectiveness for failing to raise a valid speedy trial claim?

Pagan's Brief at 5-6.

Our standard of review of an order dismissing a PCRA petition is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid

judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction over Pagan's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[2] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

Relevant here, section 9545(b)(1)(ii) provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier

_____

[2] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 5 -

with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original).

We note that, pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), a petitioner may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely-filed first PCRA petition, where the PCRA counsel in question represented the defendant until the appeal. *See Commonwealth v. Stahl*, 292 A.3d 1120, 1135 (Pa. Super. 2023) (discussing *Bradley*).[3] However, this Court has held that "[n]othing in *Bradley* creates a right to file a second PCRA petition

_____

[3] To prevail on an ineffective assistance of counsel claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Commonwealth v. Benner*, 147 A.3d 915, 920 (Pa. Super. 2016) (internal citations and quotations omitted). The failure to satisfy any of these prongs is fatal to a petitioner's claim. *See id*. Additionally, counsel is presumed effective. *See id*.

outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously **rejected** th[is possibility]." **Id**. at 1136 (emphasis in original).

Lastly, the PCRA's time-bar exceptions are claim-specific. **See Commonwealth v. Woods**, 179 A.3d 37, 44 (Pa. Super. 2017); **Commonwealth v. Porter**, 25 A.3d 4, 13-14 (Pa. 2012); **Commonwealth v. Taylor**, 283 A.3d 178, 190-91 (Pa. 2022) (Dougherty, J. concurring) (stating that the Court has "explained that just because a petitioner meets his burden to prove a time[-]bar exception with respect to one claim does not mean that endows the PCRA court with all-encompassing jurisdiction to entertain different issues raised in the petition").

Here, the trial court denied Pagan's post-sentence motion on December 2, 2016. **See** Order, 12/2/16. Accordingly, his judgment of sentence became final thirty days later, *i.e.*, on January 2, 2017. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of, *inter alia*, the expiration of time for seeking direct review); Pa.R.A.P. 903(a) (prescribing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken); Pa.R.Crim.P. 720(a)(2)(a) (requiring that a notice of appeal be filed within thirty days of the entry of the

order deciding a post-sentence motion).[4]   Accordingly, Pagan had until January 2, 2018 to file a timely PCRA petition.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Pagan's second PCRA petition, filed on August 8, 2022, is thus facially untimely.

Pagan concedes his second PCRA petition was facially untimely but asserts that his petition should be considered timely pursuant to the newly-discovered fact exception contained in section 9545(b)(1)(ii).  *See* Pagan's Brief at 10.  Pagan argues the newly-discovered fact was that his PCRA counsel failed to "perfect an appeal."  *Id*. at 11.  Specifically, Pagan asserts PCRA counsel, on appeal from the dismissal of Pagan's first petition, failed to include in the Rule 1925(b) statement the issue of whether plea/sentencing counsel was ineffective for failing to file a direct appeal for Pagan.  *See id*.  Pagan claims he was not provided with a copy of the Rule 1925(b) statement, and he was thus unaware of the fact that "despite receiving an evidentiary hearing on a substantial issue, [PCRA counsel] completely [omitted] the claim [on appeal]."  *Id*. at 12.  Citing *Bradley*, Pagan asserts that this was the first opportunity for him to raise a claim of PCRA counsel's ineffectiveness.  *See*

_____

[4] January 1, 2017, a holiday, fell on a Sunday.  *See* 1 Pa.C.S.A. § 1908 (excluding weekends from time computations).

*id*. at 13. This is the sole basis on which Pagan asserts an exception to the PCRA's jurisdictional time-bar.[5]

Citing **Stahl**, the PCRA court concluded it had no jurisdiction over Pagan's untimely petition because an assertion of ineffectiveness by PCRA counsel does not permit an otherwise untimely second PCRA petition. **See** PCRA Court Opinion, 7/6/23, at 7-8.

We affirm. As noted above, nothing in **Bradley** creates the right to raise ineffectiveness claims against PCRA counsel in a second untimely PCRA petition. **See Stahl**, 292 A.3d at 1135. PCRA counsel's alleged ineffectiveness is not a "new fact" exception to the PCRA's jurisdictional time-bar. **See id**. at 1136. Indeed, even where PCRA counsel represents the petitioner throughout the PCRA appeal, "a defendant in that situation who wishes to assert claims that PCRA counsel was ineffective can request to have new counsel appointed to permit the assertion of such claims or can seek to represent himself." **Id**. at 1135-36. Accordingly, the PCRA court committed no error of law in dismissing Pagan's petition on this basis.

However assuming *arguendo* that the PCRA court had jurisdiction over this issue because Pagan could not have raised it earlier, on account of the fact that he could not have previously discovered PCRA counsel's failure to include in his Rule 1925(b) statement the claim of ineffectiveness of trial

_____

[5] However, Pagan makes other claims of ineffectiveness against his prior attorneys.

counsel for failing to file a direct appeal, Pagan is due no relief on this specific issue, because he cannot show prejudice.[6]

"Whe[n] a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1004 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the **first attorney** that the petitioner asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. McCready**, 295 A.3d 292, 299 (Pa. Super. 2023) (internal citation, quotations, and brackets omitted; emphasis in original). Our Supreme Court has provided that, "[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims," though, "in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." **Bradley**, 261 A.3d at 402 (internal citation omitted).

Here, Pagan argues PCRA counsel was ineffective for failing to raise on appeal a claim of ineffectiveness against trial counsel for failing to file a direct

---

[6] This Court may affirm an order denying PCRA relief for any reason appearing of record. **See**, **e.g.**, **Commonwealth v. Towles**, 300 A.3d 400, 417 (Pa. 2023).

- 10 -

appeal. Accordingly, the "critical inquiry" is whether trial counsel was ineffective.[7] At the evidentiary hearing on this claim, trial counsel testified that at no point, in person or otherwise, did Pagan, after sentencing, reach out to him about filing a direct appeal. *See* N.T., 1/7/19, at 26*.* Trial counsel testified he had consulted with Pagan following sentencing about filing a post-sentence motion, and he had received letters from Pagan, but the only thing Pagan had asked him to do was file a motion for reconsideration. *See id*. at 27. After the motion for reconsideration was decided, trial counsel received no communication from Pagan. *See id*. at 29. Trial counsel also testified he received no phone calls or other communications from others on behalf of Pagan about a direct appeal. *See id*. at 30-31. The PCRA court, following the hearing on Pagan's first petition, apparently credited trial counsel's testimony, and concluded this claim was "determined to be meritless . . .." PCRA Court Opinion, 5/11/21, at 12-13.

---

[7] Where there is an unjustified failure to file a requested direct appeal, trial counsel is *per se* ineffective, because the defendant is left with the functional equivalent of no counsel. *See Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011). However, to establish *per se* ineffectiveness, a defendant **must still prove that he asked counsel to file a direct appeal**. *See id*. Where there is no request for counsel to file a direct appeal, counsel cannot be *per se* ineffective for failing to file a direct appeal. *See id*. at 716. Where a PCRA petitioner's uncorroborated claims "amount to a bare assertion that we should disregard the credibility determinations of the PCRA court" regarding whether he sought to file a direct appeal, we are bound by the PCRA court's findings. *See Commonwealth v. Mojica*, 242 A.3d 949, 956 (Pa. Super. 2020).

Our standard of review requires deference to the PCRA court's findings, where supported by the record. **See Staton**, 184 A.3d at 954; **Mojica**, 242 A.3d at 956. Thus, we conclude that, in light of the PCRA court's prior finding that trial counsel was not ineffective for failing to file a direct appeal, Pagan's assertion of trial counsel's ineffectiveness for failing to file a direct appeal merits no relief. **See Parrish**, 273 A.3d 989, 1004 n.11. Accordingly, PCRA counsel could be ineffective for failing to raise the issue on appeal. Therefore, Pagan's claim of ineffectiveness against PCRA counsel warrants no relief.[8]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/19/2024

---

[8] As noted above, the PCRA's timeliness requirement is jurisdictional. Exceptions to the time-bar are claim-specific. **See Woods**, 179 A.3d at 44; **Porter**, 25 A.3d at 13-14; **Taylor**, 283 A.3d at 190-91. Our review of Pagan's appellate brief shows that he only asserts the newly-discovered fact exception for PCRA counsel's failure to include in his Rule 1925(b) statement the ineffectiveness claim against trial counsel for failing to file a direct appeal. Because Pagan asserts no timeliness exceptions for his other ineffectiveness claims, his petition for purposes of those claims is untimely. Since the remainder of Pagan's PCRA petition was untimely, without applicable exceptions, the PCRA court lacked jurisdiction to entertain its merits, as does this Court. **See**, **e.g.**, **Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted).